**Raymond T. SCHULER, as Commissioner of Transportation of the State of New York, Plaintiff,**

v.

**The FEDERAL RAILROAD ADMINIS-TRATION OF the UNITED STATES DEPARTMENT OF TRANSPORTA-TION, Defendant.**

**No. 75 Civ. 2977.**

United States District Court, S. D. New York.

Oct. 29, 1975.

Darrell W. Harp, Counsel to the Commissioner, New York State Dept. of Transp., Albany, N. Y., for plaintiff; John C. McTiernan, Albany, N. Y., of counsel.

Paul J. Curran, U. S. Atty., New York City, for defendant; John S. Siffert, New York City, of counsel.

ROBERT J. WARD, District Judge.

Defendant Federal Railroad Administration ("FRA") moves to dismiss this action pursuant to Rule 12(b)(1) and (6), Fed.R.Civ.P. For the reasons hereinafter stated, the motion is granted.

Plaintiff Raymond T. Schuler, Commissioner of Transportation of the State of New York ("Schuler") challenges orders of the FRA issued in response to a block signal application filed by the Erie Lackawanna Railway Company ("Erie"). Schuler seeks to have these orders declared null and void and to enjoin their enforcement.

Attack upon the complaint is predicated upon the following grounds: lack of subject matter jurisdiction, preclusion of judicial review by the Administrative Procedure Act, failure to state a claim, and plaintiff's lack of standing. As the Court finds that it does not have subject matter jurisdiction, it does not reach the last three contentions.

The FRA in 1966 took charge of the enforcement of all legislation designed to ensure safety in the operation of the nation's railroads. In undertaking this function, it succeeded the Interstate Commerce Commission ("ICC"). Pursuant to Section 4(c) of the Department of Transportation Act, review of FRA orders and actions was to be obtained in the same fashion as had been provided for orders of the ICC.* Prior to 1975 recourse from ICC actions was obtained through appeal to a three-judge panel of the district court. Following the mandate of Section 4(c), review of FRA orders followed the same procedure. *United States v. Monongahela Connecting Railroad Co.*, 351 F.Supp. 696, 699 (W.D.Pa. 1972). A recent amendment has trans-

ferred review of ICC actions to the courts of appeal. Pub.L.No. 93–584 (Jan. 2, 1975) amending 28 U.S.C. 2321(a). Rules of statutory construction as well as ordinary deductive reasoning indicate that Congress would not have intended to cast the FRA in a rigid historical mold. 1A J. Sutherland, *Statutory Construction,* § 22.35 (4th ed. 1972). The purpose of the amendment, as described in the accompanying Senate Report, to relieve the district courts of an added burden, would be served by extrapolating to apply the new ICC review procedure to actions taken by the FRA.

Plaintiff's arguments that another form of appeal—to this Court—is appropriate are not persuasive. Davis is quoted to the effect that non-statutory modes of redress could be acceptable, "when the statutory means is unavailable." K. Davis, *Administrative Law Text,* § 23.04 at 445 (3d ed. 1972). Yet there is no indication that those means *are* unavailable.

Cases cited by plaintiff do not lend support to his contention. *Elmo Division of Drive-X Co. v. Dixon,* 121 U.S.App. D.C. 113, 348 F.2d 342 (1965) and *Leedom v. Kyne,* 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed. 210 (1958) involved, in the words of the District of Columbia Circuit, "the agency's [violation of] *express* statutory conditions of its authority" 348 F.2d at 345, or their equivalent. Plaintiff has not maintained a violation of any express grant of power to the FRA; indeed, it is acknowledged that, "discharge of its block signal responsibility is exclusively an FRA function."

As review of the challenged FRA order seems plainly to lie with the Court of Appeals, this Court has no jurisdiction over the subject matter of this action. Con-

---

* Section 4(c) of the Department of Transportation Act, (49 U.S.C. § 1653(c)) provides that:

> orders and actions of the Administrators pursuant to the functions, powers and duties specifically assigned to them by this [Act], shall be subject to judicial review to the same extent and in the same manner as if such orders and actions had been by

the department or agency exercising such functions, powers and duties immediately preceding their transfer. . . .

The clear meaning of these words is that such orders and actions are to be reviewed as are orders and actions of the ICC, the predecessor agency. Such review is now through the courts of appeals.

sequently, defendant's motion to dismiss is granted.

It is so ordered.