Peter N. Lalos, Washington, D. C., for appellant. Nathaniel A. Humphries, Washington, D. C., also entered an appearance for appellant.

Karen I. Ward, Asst. U. S. Atty., Washington, D. C., with whom Earl J. Silbert, U. S. Atty., John A. Terry, David R. Addis, Asst. U. S. Attys., and Roger C. Spaeder, Asst. U. S. Atty., Washington, D. C., at the time the brief was filed, were on the brief for appellee.

**STANDARD FORGE AND AXLE COMPANY, INC., Appellant,**

v.

**William T. COLEMAN, Secretary of the Department of Transportation, et al., Appellees.**

**No. 75–2151.**

United States Court of Appeals, District of Columbia Circuit.

Argued Dec. 14, 1976.

Decided Jan. 11, 1977.

Rehearing Denied Feb. 14, 1977.

Before ROBB and WILKEY, Circuit Judges, and GESELL,* United States District Judge for the United States District Court for the District of Columbia.

Opinion for the Court filed by GESELL, District Judge.

WILKEY, Circuit Judge, dissents to the foregoing opinion.

* Sitting by designation pursuant to 28 U.S.C. § 292(a).

GESELL, District Judge:

Appellant petitioned the Administrator of the National Highway Traffic Safety Administration for repeal of Federal Motor Vehicle Safety Standard No. 121. 49 C.F.R. 571.121 (1974). When the petition was denied appellant sought review by the United States District Court for the District of Columbia. Judge John H. Pratt dismissed the petition for lack of subject matter jurisdiction, and this appeal ensued. We affirm.

Pursuant to the National Traffic and Motor Vehicle Safety Act of 1966, Federal Motor Vehicle Safety Standards are established by the Administrator under authority delegated by the Secretary of Transportation. 15 U.S.C. § 1392. The Administrator promulgated Federal Motor Vehicle Safety Standard No. 121 to establish "performance and equipment requirements for braking systems for vehicles equipped with air brake systems." The Administrator had by rule, 49 C.F.R. 553.31, provided that any interested person could petition to "amend or repeal" such a standard and appellant accordingly petitioned for total repeal, alleging that the standard was unnecessary and in excess of statutory authority. When the petition was denied for reasons stated and published in the *Federal Register*, 40 Fed.Reg. 2351, appellant sought review in the District Court, all administrative procedures having been exhausted.

Section 105(a)(1) of the National Traffic and Motor Vehicle Safety Act provides:

In a case of actual controversy as to the validity of any order under [Section 103], any person who will be adversely affected by such order when it is effective may at any time prior to the sixtieth day after such order is issued file a petition with the United States court of appeals for the circuit wherein such person resides or has his principal place of business, for a judicial review of such order. . . . 15 U.S.C. § 1394(a)(1)

In addition to this special judicial review provision, section 105(a)(6) of the Act provides:

The remedies provided for in this subsection shall be in addition to·and not in substitution for any other remedies provided by law. 15 U.S.C. § 1394(a)(6)

Appellant contends that this latter section was designed to provide concurrent jurisdiction in the United States District Court and the United States Court of Appeals, and that lacking an exclusive review provision it could choose in its interest how best to seek review. In response the Administrator contends that where Congress has provided a special and adequate procedure for judicial review, as it has done here, that procedure is to be considered exclusive except in special circumstances not present here.

Appellant mistakenly relies on *Abbott Laboratories v. Gardner*, 387 U.S. 136, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967). While the Supreme Court did recognize jurisdiction in a District Court to review an order of the Food and Drug Administration under a comparable special and reserved jurisdiction statute, 21 U.S.C. § 371(f)(1) and (6), the facts here are wholly different. In *Abbott Laboratories* the special review provision was not available, so the District Court was properly called upon to act. As the Court stated, the issue was whether the fact that

because the statute includes a specific procedure for . . . review of certain enumerated kinds of regulations, not encompassing those of the kind involved here, other types were necessarily meant to be excluded from any pre-enforcement review. 387 U.S. at 141, 87 S.Ct. at 1511.

In the present case the special review provision was clearly available. The District Court, accordingly, properly relied on our decision in *Nader v. Volpe*, 151 U.S. App.D.C. 90, 466 F.2d 261 (1972), where we dealt with this very problem under the Motor Vehicle Safety Act itself.

After reviewing the "other remedies" jurisdictional provision we were unwilling to "construe that provision as a license to resort to nonstatutory remedies," and confined that provision "to instances of agency action which is *ultra vires* or damaging beyond the capability of the statutory pro-

cedure to repair." 151 U.S.App.D.C. at 100; 466 F.2d at 271.

Appellant made no complaint below that statutory procedures were inadequate, that relief could not be obtained by review here, or that any other extraordinary circumstances pertained. The statutory mode of review would have served adequately. Standard Forge was in the wrong court.

Affirmed.

WILKEY, Circuit Judge:

I respectfully dissent.