724 F.Supp. 1264 (1989)
OIL CHEMICAL AND ATOMIC WORKERS, et al., Plaintiffs,
v.
Samuel K. SKINNER, Secretary of Transportation, Department of Transportation, Research and Special Programs Administration and Federal Highway Administration, Defendants.
No. C-89-0172-DLJ.
United States District Court, N.D. California.
May 9, 1989.
*1265 Robert W. Hirsch and W. Daniel Boone, Van Bourg, Weinberg, Roger & Rosenfeld, San Francisco, Cal., and Thomas Feldman and John McKendree of McKendree, Toll & Mares, Denver, Colo., for plaintiffs.
Brian Kennedy, U.S. Dept. of Justice, Washington, D.C., for defendants.

ORDER
JENSEN, District Judge.
On April 28, 1989, this Court heard defendant's motion to dismiss for lack of subject matter jurisdiction. Brian Kennedy appeared for defendants. Robert Hirsch and Thomas Feldman appeared for plaintiffs.
Plaintiffs challenge the validity of regulations issued, on November 21, 1988, by the Research and Special Programs Administration (RSPA) and the Federal Highway Administration (FHWA), imposing suspicionless, mandatory drug testing of pipeline workers and commercial motor vehicle drivers. Plaintiffs filed their complaint with this Court on January 20, 1989. Defendants move to dismiss plaintiffs' complaint for lack of subject matter jurisdiction on grounds that the only proper forum for judicial review of the RSPA and FHWA regulations is in the court of appeals. Defendants also argue that venue is not proper in this district.
For the following reasons, this Court GRANTS defendants' motion to dismiss for lack of subject matter jurisdiction and ORDERS that this case be transferred to the Ninth Circuit.

I. RSPA REGULATIONS

A. Statutory Scheme

The Research and Special Projects Administration (RSPA) of the Department of Transportation (DOT) relied upon three statutes in promulgating the regulations: the Natural Gas Pipeline Safety Act (NGPSA), 49 U.S.C.App. § 1671 et seq.; the Hazardous Materials Transportation Act (HMTA), 49 U.S.C.App. § 1801 et seq.; and the Hazardous Liquid Pipeline Safety Act (HLPSA), 49 U.S.C.App. § 2001 et seq.
Both the NGPSA and the HLPSA specify that judicial review of regulations issued under these Acts can be obtained by a petition filed in the United States Court of Appeals for the District of Columbia Circuit or in the circuit in which the petitioner is located or has its principal place of business. 49 U.S.C.App. §§ 1675(a), 2005(a). Both statutes also state that:
[t]he remedies provided for by this subsection shall be in addition to and not in substitution for any other remedies provided by law.
49 U.S.C.App. §§ 1675(e), 2005(e). The HMTA does not specify any forum for judicial review.

B. Defendants' Motion to Dismiss

Defendants contend that judicial review of the RSPA regulations rests exclusively *1266 with the United States Court of Appeals. Defendants argue this result is required by the express terms of the judicial review provisions of the NGPSA, 49 U.S.C.App. § 1675(a), and the HLSPA, 49 U.S.C.App. § 2005(a). Defendants further argue that this result is not changed by the fact that the HMTA does not contain a specific judicial review provision. Defendants correctly point out the well established rule "that a special statute vesting jurisdiction in a particular court cuts off jurisdiction other courts might have under a more general statute." Assure Competitive Transportation, Inc. v. United States, 629 F.2d 467, 471 (7th Cir.1980), cert. denied, 449 U.S. 1124, 101 S.Ct. 941, 67 L.Ed.2d 110 (1981). See also Suburban O'Hare Commission v. Dole, 787 F.2d 186, 192 (7th Cir.), cert. denied, 479 U.S. 847, 107 S.Ct. 169, 93 L.Ed.2d 106 (1986); Public Utility Commissioner v. Bonneville Power Admin., 767 F.2d 622, 626-27 (9th Cir.1985).
Plaintiffs contend that this Court has concurrent jurisdiction with the court of appeals to hear their challenge to the validity of the RSPA regulations. Plaintiffs argue that this conclusion necessarily flows from the provision, contained in both of the statutes relied upon by defendants, that "the remedies provided for in this section shall be in addition to and not in substitution for any other remedies provided by law." 49 U.S.C.App. §§ 1675(e), 2005(e). Defendants contend that judicial review of the regulations by a federal district court based upon general federal question jurisdiction, under 28 U.S.C. section 1331, is one of the "other remedies" available to them.

C. Court's Ruling

This Court is not persuaded by plaintiffs' argument. Although the statutes do preserve all remedies already available to plaintiffs, these remedies do not include judicial review in forums other than the court of appeals. The statutes in no uncertain terms explicitly provide that judicial review of the regulations can only be sought in the court of appeals. Based on this specific jurisdictional grant, the provision preserving remedies must be construed as preserving remedies other than judicial review, such as, the remedies available in 49 U.S.C.App. section 1677 or the right to challenge a particular application of a regulation as a defense to an enforcement action. Such a reading is more sensible than defendants' strained argument that Congress stated that review was to be by the court of appeals, but intended that the district court and the court of appeals review the same rules simultaneously.
However, even if Congress did intend to confer concurrent jurisdiction, plaintiffs concede that the decision to hear or to transfer the case to the court of appeals lies is discretionary. This Court would exercise its discretion and decline to hear the challenge to the RSPA regulations. Whether this Court follows the clear logic of defendants' argument or carries plaintiffs' argument to its conclusion, judicial review of the RSPA regulations rests with the court of appeals.

II. FHWA REGULATIONS

A. Statutory Scheme

The Federal Highway Administration (FHWA) of the Department of Transportation (DOT) cited three statutes as authority for promulgating the regulations: 49 U.S.C. §§ 504(b)(2)(A) and 504(f), regarding the disclosure of reports or records; 49 U.S.C.App. § 2505, regarding safety standards for motor vehicles; and 49 U.S.C. § 3102, regarding the qualifications and conditions for employment. Since the parties do not dispute that this Court has subject matter jurisdiction for regulations promulgated under sections 504 or 2505, the Court will only consider the judicial review provisions relevant to section 3102.
The DOT authority set forth in section 3102 formerly resided in the Interstate Commerce Commission (ICC). When Congress created the DOT in 1966, it transferred to the DOT numerous functions previously delegated to the ICC. Department of Transportation Act, Pub.L. No. 89-670, 80 Stat. 931 (1966), currently codified at 49 U.S.C.App. § 1655(e). One of the functions transferred was ICC regulatory power relating to the "qualifications and maximum *1267 hours of service of employees [of motor carriers] and safety of operation and equipment." 49 U.S.C. § 1655(e)(6)(C). The 1966 Act further established that the FHWA would assume the "functions, powers, and duties" of the Transportation Secretary with respect to motor carrier safety. 49 U.S.C. § 1655(f)(3)(B). The Act additionally allowed for judicial review, under the Administrative Procedure Act, of "any proceeding by the Department [of Transportation] and any of the administrations or boards within the Department." 49 U.S.C. App. § 1655(h).
In 1983, Congress recodified portions of title 49, the transportation statutes, in order to "restate, without substantive change, laws enacted before November 15, 1982." Pub.L. No. 97-449, § 6(a), 96 Stat. 2443. The authority allowing the DOT to regulate motor carrier safety, a function formerly delegated to the ICC, was moved to 49 U.S.C. section 3102.
When Congress passed the 1966 Act, it mandated that regulations issued by the DOT, pursuant to the authority transferred from the ICC, shall be reviewed in the same manner as if the regulations had been issued by the ICC. The critical statute concerning judicial review, 49 U.S.C.App. section 1653(c), in relevant part, states that:
[o]rders and actions of the Secretary [of the DOT] in the exercise of functions, powers, and duties transferred under this chapter, and orders and actions of the Administrators pursuant to the functions, powers, and duties specifically assigned to them by this chapter, shall be subject to judicial review to the same extent and in the same manner as if such orders and actions had been by the department or agency exercising such functions, powers, and duties, immediately preceding their transfer.
49 U.S.C.App. § 1653(c), Pub.L. No. 89-670, 80 Stat. 933 (1966) (emphasis added).
Prior to the 1966 Act, judicial review of ICC orders was lodged in three-judge district courts, with direct appeal to the United States Supreme Court. 28 U.S.C. section 2325 provided in relevant part that:
[a]n interlocutory or permanent injunction restraining the enforcement, operation, or execution, in whole or in part, of any order of the Interstate Commerce Commission, shall not be granted unless the application is heard and determined by a district court of three judges....
28 U.S.C. § 2325, 62 Stat. 970 (1948), repealed by Pub.L. No. 93-584, 88 Stat. 1917 (1975).
In 1975, Congress amended the Hobbs Act, 28 U.S.C. §§ 2341 et seq., so that courts of appeal would have exclusive jurisdiction to review challenges to ICC regulations:
The court of appeals ... has exclusive jurisdiction to enjoin, set aside, suspend (in whole or in part), or to determine the validity of ... all rules, regulations, or final orders of the Interstate Commerce Commission made reviewable by [28 U.S.C. § 2321].
28 U.S.C. § 2342(5). Section 2321 states, in relevant part, that:
[e]xcept as otherwise provided by an Act of Congress, a proceeding to enjoin or suspend, in whole or in part, a rule, regulation, or order of the [ICC] shall be brought in the court of appeals....
28 U.S.C. § 2321(a).

B. Defendants' Motion to Dismiss

Defendants move to dismiss on grounds that, under section 1653(c), judicial review of ICC orders belonged before a three-judge district court in 1966, and since the 1975 amendments to the Hobbs Act made ICC actions only reviewable in the court of appeals, the instant action properly belongs before the court of appeals. In short, defendants argue that the section 1653(c) provision that judicial review of regulations issued by the DOT be treated "as if" they were issued by the ICC requires that, in light of the Hobbs Act amendments placing jurisdiction for ICC regulations in the court of appeals, the court of appeals hear the challenge to the validity of the FHWA regulations.
Plaintiffs challenge defendants' argument that the Hobbs Act amendments provide the source of court of appeals jurisdiction *1268 for judicial review of regulations issued by the FHWA. Specifically, plaintiffs argue that the Hobbs Act, by its express terms, does not apply to orders and regulations issued by the FHWA. Plaintiffs point out that the only agencies covered by the Hobbs Act are the: "Federal Communications Commission, Department of Agriculture, Federal Maritime Commission, Nuclear Regulatory Commission, and ICC." 28 U.S.C. § 2342(1)-(5). Plaintiffs conclude that the decision to include the FHWA within the coverage of the Hobbs Act would violate the principle of statutory construction that "where a statute names the parties who come within its provisions, other unnamed parties are excluded." Foxgord v. Hischemoeller, 820 F.2d 1030, 1035 (9th Cir.1987), cert. denied, 484 U.S. 986, 108 S.Ct. 503, 98 L.Ed.2d 502 (1988).

C. Court's Ruling

When Congress repealed section 2325, which provided that ICC orders were reviewable by a district court of three judges, and enacted section 2342(5), which provides that the court of appeals has exclusive jurisdiction to review ICC orders and regulations, Congress did not, as plaintiffs suggest, create a jurisdictional void. Although Congress did not list the FHWA in the jurisdictional grant contained in sections 2342(1)-(5) of the Hobbs Act amendments, the omission is inconsequential because section 1653(c) was not amended or repealed, and continues to stand in full force.
The plain language of section 1653(c), which plaintiffs obfuscate, provides that DOT regulations are to be reviewed "as if" promulgated by the ICC, the agency with the power to promulgate such regulations prior to the 1966 transfer of functions to the DOT. Reading section 2342(5) in conjunction with section 1653(c), and concluding that the court of appeals has exclusive jurisdiction to review FHWA regulations, neither displaces nor improves upon the jurisdictional choice of Congress. Cf. Five Flags Pipe Line Co. v. Department of Transportation, 854 F.2d 1438, 1442 (D.C. Cir.1988). To the contrary, such a result simply tracks the plain meaning of the statute. As the court held in Schuler v. Federal Railroad Admin., 404 F.Supp. 920, 921 (S.D.N.Y.1975), "the clear meaning of [section 1653(c)] is that [DOT] orders and actions are to be reviewed as are orders and actions of the ICC, the predecessor agency. Such review is now through the court of appeals."

III. TRANSFER PURSUANT TO 28 U.S.C. § 1631
28 U.S.C. section 1631 provides that any federal court, lacking subject matter jurisdiction over an action, shall:
if it is in the interests of justice, transfer such action or appeal to any other court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed or noticed for the court to which it is transferred on the date upon which it was actually filed or noticed for the court from which it was transferred.
28 U.S.C. § 1631.
The Ninth Circuit has applied a three-part test in determining the propriety of an inter-court transfer under the statute.
First, on the date the Notice of Appeal was filed, the transferee court could have heard the appeal. Second, the transferor court must lack jurisdiction. Third, the interests of justice would be served by the transfer.
Gioda v. Saipan Stevedoring Co., Inc., 855 F.2d 625, 629 (9th Cir.1988) (citations omitted).
In the instant case, plaintiffs satisfy all three of the criteria for transfer. First, since plaintiffs filed the action on January 20, 1989, less than 90 days after the RSPA issued its drug testing regulations, the action was timely filed under the NGPSA and the HLPSA. See 49 U.S.C.App. §§ 1675(a), 2005(a). The action was also filed within the 60-day limit under the Hobbs Act. 28 U.S.C. § 2344. Second, the second prong of the test is satisfied because this Court does not have jurisdiction to review the RSPA and the FHWA regulations. Third, the interests of justice require the transfer, *1269 rather than dismissal of plaintiffs' action, because the statute of limitations for seeking review of the RSPA and FHWA regulations has run.

IV. VENUE
Based on the ruling that jurisdiction to hear the challenge to the RSPA and FHWA regulations rests with the Ninth Circuit, this Court need not reach the issue of whether venue is proper in this district. The Court notes, however, that venue would be proper in this district under 28 U.S.C. section 1391(e), which is the venue statute applicable to actions against agencies, officers, or employees, of the federal government. See Stafford v. Briggs, 444 U.S. 527, 544, 100 S.Ct. 774, 784-85, 63 L.Ed.2d 1 (1980).

V. CONCLUSION
For all of the foregoing reasons, this Court GRANTS defendants' motion to dismiss for lack of subject matter jurisdiction. The Court ORDERS, however, that the case be transferred to the Ninth Circuit pursuant to 28 U.S.C. section 1631.
IT IS SO ORDERED.