UNITED STEELWORKERS OF AMERICA, LOCAL 12431; and Raymond Conroy, individually and in his capacity as President of Local 12431, Plaintiffs,

v.

Samuel SKINNER, individually and in his capacity as Secretary, U.S. Department of Transportation; James J. Malachowski, individually and in his capacity as Administrator of State of Rhode Island Division of Public Utilities and Carriers; and Rhode Island Division of Public Utilities and Carriers, Defendants.

Civ. A. No. 90–0299B.

United States District Court,
D. Rhode Island.

July 12, 1991.

---

Amato A. DeLuca, Mandell, Goodman, DeLuca & Schwartz, Providence, R.I., for plaintiffs.

Adrienne G. Southgate, Providence, R.I., for James J. Malachowski, Rhode Island Div. of Public Utilities and Carriers.

Everett C. Sammartino, Asst. U.S. Atty., Mary E. Goetten, Brian G. Kennedy, Dept. of Justice, Civ. Div., Washington, D.C., for Samuel Skinner.

## OPINION AND ORDER

FRANCIS J. BOYLE, Chief Judge.

The issue in this action is whether, under the Constitution of the United States, persons whose duties relate to the safe operation and maintenance of natural gas pipelines may be subjected to random drug testing.

The drug testing regulations at issue require that the operators of natural gas pipelines or liquified natural gas (LNG) facilities implement random drug testing of employees who "perform ... an operating, maintenance or emergency response function". The regulations provide for the

method and frequency of testing. 49 C.F.R. § 199.11(c) (1990). The method of analysis is specified and retesting in the event of a positive result is required upon an employee's request. 49 C.F.R. § 199.-15–17 (1990). Records of test results are kept in confidence and may only be released upon written consent of an employee, except upon request as part of an accident investigation. 49 C.F.R. § 199.23 (1990). Employees who refuse to submit to random drug testing or who fail a test are subject to dismissal.[1] 49 C.F.R. § 199.9 (1990).

Plaintiff United Steelworkers of America, Local 12431, brings this action on behalf of its members. Plaintiff Raymond Conroy, the President of Local 12431, brings this action on his own behalf as an employee of Providence Gas Company, a company which is required to implement a drug testing program under the regulations. The defendants are Samuel Skinner, Secretary of Transportation and promulgator of the regulations and the Rhode Island Division of Public Utilities and Carriers, an agency which instituted parallel state regulations.[2]

### Federal Regulations

■ Plaintiffs complain that the federal regulations, on their face, are unconstitutional in violation of the Fourth and Fourteenth Amendments' prohibitions of unreasonable searches and seizures. Defendants argue that the regulations are valid and assert three additional separate reasons why this action must fail: firstly, that jurisdiction of the issues raised by plaintiffs is available only in a Court of Appeals; secondly, that this action is time barred; and thirdly, that the issue has been determined contrary to plaintiffs' contentions by the Court of Appeals for the Ninth Circuit in a decision which is binding upon plaintiffs.

*See IBEW, Local 1245 v. Skinner,* 913 F.2d 1454 (9th Cir.1990). For the reasons that follow, this Court finds that the complaint must be dismissed for lack of subject matter jurisdiction.

The regulations at issue were adopted under the aegis of two statutes: the Natural Gas Pipeline Safety Act (NGPSA), 49 U.S.C.App. § 1671, *et seq.* (1988), and the Hazardous Liquid Pipeline Safety Act (HLPSA), 49 U.S.C. App. § 2001, *et seq.* (1988). Each statute specifically provides that "[a]ny person who is or will be adversely affected or aggrieved by any regulation issued under this chapter ... may at any time prior to the 90th day after such regulation ... is issued file a petition for a judicial review with the United States Court of Appeals for the District of Columbia or for the circuit wherein such petitioner is located or has his principal place of business." 49 U.S.C. §§ 1675(a); 2005(a) (1988). The statutes further contain "saving clauses" declaring that the remedy provided is "in addition to and not in substitution for any other remedies provided by law." 49 U.S.C.App. §§ 1675(e); 2005(e) (1988).

It is settled law that "when Congress has specified a procedure for judicial review of administrative action, that procedure is the exclusive means of review unless, because of some extraordinary circumstances, the procedure fails to provide an adequate remedy." *Independent Cosmetic Mfrs. and Distrib., Inc. v. HEW,* 574 F.2d 553, 554 (D.C.Cir.), *cert. denied,* 439 U.S. 893, 99 S.Ct. 250, 58 L.Ed.2d 238 (1978); *see Cousins v. Secretary of the DOT,* 880 F.2d 603, 611–12 (1st Cir.1989). Despite this, plaintiffs argue that the "saving clauses" of the statutes are intended to provide concurrent review in district courts and courts of appeals. Plaintiffs' argument fails because it ignores the primary purpose of judicial review statutes, which is to provide a "more

---

**1.** The regulations provide for the appointment of a medical review officer who verifies the accuracy of positive test results. 49 C.F.R. § 199.15 (1990). The medical review officer may recommend participation in a drug rehabilitation program as an alternative to dismissal for an employee who fails a drug test. 49 C.F.R. § 199.19 (1990). Conversely, employers have

no choice but to dismiss employees who refuse to submit to testing. 49 C.F.R. § 199.9(a)(2) (1990).

**2.** The state regulations, which were adopted in order to comply with federal law, differ in only minor respects from the federal regulations.

expeditious method of review than an action in district court." *Cousins*, 880 F.2d at 611.

Congress was aware that a review of the regulations would be based upon an already established administrative record. Whether an action would be brought before a Court of Appeals or before this Court the issue is whether the regulations are reasonable within the requirements of the authorizing statute and the Constitution. Rather than abide the natural and necessary delay while the issues progress through three judicial levels: District Court, Court of Appeals, and Supreme Court, the statutory method of review presents the issues promptly before a Court of Appeals. If district courts were accorded concurrent jurisdiction, the purpose behind judicial review statutes would be undermined. *Cf. Standard Forge & Axle Co. v. Coleman*, 551 F.2d 1268, 1270 (D.C.Cir.) (affirming dismissal for lack of subject matter jurisdiction), *cert. denied*, 434 U.S. 823, 98 S.Ct. 69, 54 L.Ed.2d 81 (1977).

■ This analysis is not altered by the fact that the statutes at issue limit review in Courts of Appeals to suits brought within 90 days of the promulgation of regulations. Time limitations for review of agency regulations serve "the important purpose of imparting finality into the administrative process, thereby conserving administrative resources and protecting the reliance interests of regulatees who conform their conduct to the regulations." *National Resources Defense Council v. Nuclear Regulatory Comm'n*, 666 F.2d 595, 602 (D.C.Cir.1981); *United States v. Fleetwood Enters., Inc.*, 702 F.Supp. 1082, 1087 n. 11 (D.Del.1988) (compiling cases). This purpose is important enough that untimely regulatory challenges will be dismissed from Courts of Appeals, even where such dismissal leaves plaintiffs with no recourse in district court. *See Independent Cosmetic Mfrs. and Distrib., Inc. v. HEW*, 574 F.2d 553, 560 (D.C.Cir.) (affirming dismissal by district court for lack of jurisdiction

and dismissing appeals court petition as untimely), *cert. denied*, 439 U.S. 893, 99 S.Ct. 250, 58 L.Ed.2d 238 (1978); *United States v. Howard Elec. Co.*, 798 F.2d 392, 395 (10th Cir.1986) (same).

What is true as a general principle also holds true in regard to the NGPSA and HLPSA. The legislative history of these statutes indicates that Congress carefully considered the need for a time limit on judicial review. In 1983, each statute was amended to extend the review period from 60 to 90 days to allow for completion of the administrative appeal process prior to the filing deadline. Pub.L. No. 97–468, §§ 101–04, 96 Stat. 2543 (1983). Therefore, it would run against the twice-expressed intent of Congress to find district court jurisdiction over a lawsuit filed after the 90 day review period.[3]

The only court that has construed the judicial review provisions of the NGPSA and HLPSA has reached this same conclusion, that review is vested exclusively in the Courts of Appeals. *See Oil Chemical And Atomic Workers v. Skinner*, 724 F.Supp. 1264, 1266 (N.D.Cal.1989). In *Skinner*, the United States District Court for the Northern District of California noted its lack of jurisdiction over a challenge to the identical regulations at issue in this case and transferred the case to the Court of Appeals for the Ninth Circuit, which issued its opinion in *IBEW, Local 1245 v. Skinner*, 913 F.2d 1454 (9th Cir.1990). The Ninth Circuit held the regulations to be both authorized and constitutionally valid.

■ Plaintiffs' last contention is that constitutional challenges to regulations must be accorded broader review than is contemplated under the statutes. Plaintiffs argue that to dismiss this action based on statutory limitations on review would forever preclude any employee of Providence Gas Company, the employer of the members of Local 12431, from ever challenging the constitutionality of the regulations.

---

3. Because the regulations were originally promulgated in November, 1988 and reaffirmed in December of 1989, this action, filed on June 18,

1990, would clearly be barred by the 90–day limitation.

Phrased in terms of applicable law, plaintiffs' argument is that the alleged constitutional violation at issue creates "exceptional circumstances" warranting jurisdiction under the Court's equitable powers. *See Nader v. Volpe*, 466 F.2d 261, 269 (D.C.Cir. 1972) ("There are, to be sure, exceptional situations in which a litigant has been permitted to invoke the equitable powers of a district court to preserve a substantial right from irretrievable subversion in an administrative proceeding."); *Coca-Cola Co. v. FTC*, 475 F.2d 299, 303 (5th Cir.), *cert. denied*, 414 U.S. 877, 94 S.Ct. 121, 38 L.Ed.2d 122 (1973); *Boire v. Miami Herald Pub. Co.*, 343 F.2d 17, 24 (5th Cir.), *cert. denied*, 382 U.S. 824, 86 S.Ct. 56, 15 L.Ed.2d 70 (1965). Exceptional circumstances are present if a violation is clear and if later review is futile due to limitations in the statutorily prescribed review procedure. *See Leedom v. Kyne*, 358 U.S. 184, 191, 79 S.Ct. 180, 185, 3 L.Ed.2d 210 (1958) (agency's deprivation of a clear right without a statutory remedy warrants district court jurisdiction); *Solar Turbines, Inc. v. Seif*, 879 F.2d 1073, 1077 (3d Cir. 1989); *Fitzgerald v. Hampton*, 467 F.2d 755, 768 (D.C.Cir.1972); *see generally* 16 C. Wright, A. Miller, E. Cooper, E. Gressman, *Federal Practice and Procedure* § 3943 (1977 & 1991 Supp.). In this case, plaintiffs' argument must fail because the alleged violation is neither clear nor likely to escape later review.

▇ In assessing whether jurisdiction is present because an agency's action clearly violates the Constitution, district courts are entitled to a peek at the merits of the complaint. *Nader*, 466 F.2d at 272; *Coca-Cola*, 475 F.2d at 303. A look at the merits in this case reveals that the regulations are likely constitutional. The Court of Appeals for the Ninth Circuit recently considered an identical challenge to the Department of Transportation random drug testing regulations. *See IBEW, Local 1245 v. Skinner*, 913 F.2d 1454 (9th Cir.1990). The *Skinner* court concluded that, although the regulations intrude on the privacy interests of pipeline workers, "the level of intrusiveness does not justify striking down the random drug testing rule." *Id.* at 1464.

Thus, the Department of Transportation's drug testing regulations do not constitute a clear constitutional violation sufficient to support jurisdiction.

Exceptional circumstances are also not present where regulations are subject to review in the future. In this case, plaintiffs are unduly cynical in assuming that dismissal here would prevent employees from ever bringing constitutional challenges to the regulations. If the statutes were construed to prevent all future constitutional challenges, serious, if not fatal problems would be created. The statutes, however, do not mean that a particular employee ordered to submit to drug testing is without a remedy. Employees may challenge the application of the regulations in individual cases. Such an "as applied" challenge, which would require evidence beyond what is contained in the administrative record, would fall outside the statutory scheme for judicial review. This is clear from "saving clauses" in the statutes expressly stating that the remedies provided by a petition to the appropriate Court of Appeals are "not in substitution for any other remedies provided by law."

In short, this Court lacks subject matter jurisdiction under the federal statutory framework to consider the merits of the constitutional challenge to the federal regulations. No exceptional circumstances exist to warrant review under the Court's equitable powers. Because jurisdiction is lacking, the Court need not consider the other defenses raised. The challenge to the federal regulations must, therefore, be dismissed.

### State Regulations

▇ Plaintiffs also raise identical challenges to the constitutionality of parallel state regulations issued by the Rhode Island Public Utilities Commission. Because the challenged state regulations mirror the federal regulations in all relevant respects and were instituted in response to Department of Transportation Regulations, the Court lacks subject matter jurisdiction to review their validity as well.

▇ State regulatory agencies in the area of natural gas pipeline safety are

handmaids of the federal regulatory scheme. Federal statutes preempt the entire field of gas pipeline safety. *ANR Pipeline Co. v. Iowa State Commerce Comm'n*, 828 F.2d 465, 469–70 (8th Cir. 1987); *Northern Border Pipeline Co. v. Jackson County, Minn.*, 512 F.Supp. 1261, 1264 (D.Minn.1981). The NGLPSA and HLPSA permit state regulation of intrastate pipeline transportation only if the state agency annually certifies that it has adopted and is enforcing federal safety standards. 49 U.S.C.A.App. § 1674 (West Supp.1991); 49 U.S.C.App. § 2004 (West Supp.1991).

The state regulations at issue in this case were adopted in order to comply with the federal regulatory scheme. Plaintiffs' concern is exclusively with the federal mandate that required state compliance with the federal regulations.[4] As a result, plaintiffs' sole remedy is through the judicial review provisions of the federal pipeline safety statutes.

This action is dismissed for lack of subject matter jurisdiction.

SO ORDERED.

---

**4.** The only difference between the state and federal regulations are provisions in the state regulations adopted in response to concerns expressed by the Rhode Island Chapter of the American Civil Liberties Union. Plaintiffs have not challenged these minor changes made in the state regulatory scheme.