John H. DALTON, Secretary
of the Navy, Appellant,

v.

SOUTHWEST MARINE, INC., Appellee.

No. 97–1240.

United States Court of Appeals,
Federal Circuit.

Aug. 8, 1997.

Anne M. Richard, Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, Washington, DC, for appellant. Of counsel were Frank W. Hunger, Assistant Attorney General, David M. Cohen, Director, and Genevieve Holm, Attorney.

Peter B. Jones, Jones & Donovan, Irvine, CA, for appellee.

Before MAYER, CLEVENGER, and RADER, Circuit Judges.

RADER, Circuit Judge.

### ON MOTION

#### *ORDER*

The Secretary of the Navy moves to transfer this case, involving an appeal of the decision of the Armed Services Board of Contract Appeals (ASBCA), ASBCA No. 47,621, 96–2 BCA ¶ 28,601, to the United States District Court for the Southern District of California. Southwest Marine, Inc. opposes and moves to dismiss the secretary's appeal. The secretary opposes the motion to dismiss.

### BACKGROUND

Northwest Marine Iron Works entered into a contract with the United States Navy to repair the USS Duluth. After work under the contract was completed, Northwest Ma-

rine filed for bankruptcy. In April 1989, the Navy paid Northwest Marine for work under the contract, and Southwest Marine acquired Northwest Marine. A dispute arose thereafter concerning whether Northwest Marine should have reimbursed the Navy for certain debt concessions it received from its creditors in connection with the sale to Southwest Marine.

On May 11, 1994, the contracting officer determined that in view of certain debt concessions, the Navy had overpaid Northwest Marine by approximately $2.2 million. Southwest Marine timely appealed to the ASBCA in accordance with the Contract Disputes Act. *See* 41 U.S.C. § 606 (1994). On October 11, 1996, the ASBCA granted summary judgment in favor of Southwest Marine. This appeal followed.

## DISCUSSION

The secretary argues that this case should be transferred to a district court, pursuant to 28 U.S.C. § 1631 (1994), because this court does not have jurisdiction over a case involving a maritime contract. Southwest Marine agrees that the secretary may only seek review in a district court but does not agree that we should transfer. Southwest Marine's first argument is that an appeal cannot be transferred to a district court from a court of appeals, because there is no procedure for filing an appeal in a district court. Second, Southwest Marine argues that the appeal should not be transferred because the secretary's case would have been untimely if filed in a district court.

### I.

We note that there is no dispute that this contract is wholly maritime. Thus, this court clearly lacks jurisdiction over the secretary's appeal of the ASBCA's decision. *See Umpqua Marine Ways, Inc. v. United States,* 925 F.2d 409 (Fed.Cir.1991); *Southwest Marine of San Francisco, Inc. v. United States,* 896 F.2d 532 (Fed.Cir.1990). The issue is whether this case may be transferred, pursuant to section 1631, to the court in which the case should have been filed.

Southwest Marine's first argument, that section 1631 does not permit transfer of an appeal to a district court, is without merit. Section 1631 provides relief when an action or an appeal is filed in the wrong court. The statute provides:

Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of an administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed or noticed for the court from which it is transferred.

The language of § 1631 draws no distinction between civil actions and appeals or between district courts and courts of appeals. The statute allows for the transfer of a "civil action ... or an appeal" filed in a "court," as defined by 28 U.S.C. § 610 (1994), to any other such court. 28 U.S.C. § 1631. Section 610 defines court as including both courts of appeals and district courts. *See* 28 U.S.C. § 610. Moreover, section 1631 is a remedial statute designed to eliminate any prejudice that results from filing in an improper forum. *See Rodriguez–Roman v. Immigration & Naturalization Serv.,* 98 F.3d 416, 422 (9th Cir.1996). There are many examples of transfers by courts of appeals to district courts and vice versa. *See, e.g., Umpqua Marine,* 925 F.2d at 414; *Southwest Marine,* 896 F.2d at 535; *Martin v. Nickels & Dimes, Inc.,* 804 F.Supp. 83, 85–86 (D.Haw.1992); *Oil Chem. & Atomic Workers v. Skinner,* 724 F.Supp. 1264, 1268–69 (N.D.Cal.1989); *Jamison v. Federal Trade Comm'n,* 628 F.Supp. 1548, 1552 (D.D.C.1986).

### II.

Southwest Marine's second argument, that this court should not transfer under section 1631 because this case could not "have been brought" in the district court "at

the time it was filed or noticed," is based upon Southwest Marine's belief that the Suits in Admiralty Act's two-year statute of limitations, 46 U.S.C.A.App. § 745 (West Supp.1997), applies to all maritime contract cases. Southwest Marine argues that the secretary's action accrued in April 1989, the date of injury, and

> it was not until over five years later, on May 11, 1994 that the Navy issued a contracting officer's decision of the claim. The Government's Notice of Appeal was filed nearly eight years after all of the facts of its claim had occurred (nearly eleven years after the contract was performed). On those circumstances, the only issue is whether the two-year limitations period was somehow tolled until the ASBCA issued its decision.

(Citations omitted.) The secretary argues that the limitations period of the Suits in Admiralty Act is inconsistent with the Contract Disputes Act and thus does not apply to an action concerning review of a board of contract appeals decision in a maritime contract case.

Southwest Marine clearly acknowledges that the Contract Disputes Act applies to this case. Southwest Marine was the party which appealed to the ASBCA. *See* 41 U.S.C. § 602(a) (1994). Generally, under the Contract Disputes Act, an aggrieved party must first present its claim to the contracting officer within six years after the accrual of the claim, *see* 41 U.S.C.A. § 605(a) (West Supp.1997). If the party receives an adverse decision, the party may seek judicial review, *see* 41 U.S.C.A. § 609(a) (West Supp.1997), or appeal to the appropriate board of contract appeals. *See* 41 U.S.C.A. §§ 606–07 (West Supp.1997). Board decisions are also subject to judicial review. *See* 41 U.S.C. § 607(g) (1994).

The procedure is similar for maritime contracts. Thus, before an action involving a maritime contract to which the Government is a party may proceed to district court, the contractor or agency must first present a claim to the contracting officer. *See* 41 U.S.C.A. § 605. The losing party may appeal either to the agency board or seek review in a district court. *See Southwest Ma-*

*rine, Inc. v. United States,* 680 F.Supp. 1400, 1402 n. 1 (N.D.Cal.1988) (district courts and the boards of contract appeals have concurrent jurisdiction to review an adverse decision of a contracting officer). Nothing in section 603 of the Contract Disputes Act excludes maritime contracts from the purview of the Contract Disputes Act. *See Nan Sing Marine Co. v. United States,* 811 F.2d 1495, 1498 n. 7 (Fed.Cir.1987) (the Contract Disputes Act authorizes an administrative determination of a claim involving the breach of a maritime contract); *Southwest Marine,* 680 F.Supp. at 1403 (contractors must comply with procedural requirements of Contract Disputes Act); *River & Offshore Servs. Co. v. United States,* 651 F.Supp. 276, 281 (E.D.La. 1987) (section 603 simply vests an appeal of an administrative determination in a district court rather than in the Court of Claims or the Federal Circuit) (citing *Whitey's Welding & Fabrication, Inc. v. United States,* 5 Cl.Ct. 284 (1984)); *see also* 28 U.S.C. § 1333 (1994) (the district courts have original jurisdiction of, inter alia, "[a]ny civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they otherwise are entitled."). Following a proceeding in a board of contract appeals, a party may seek judicial review.

An appeal of a board of contract appeal's decision concerning a maritime contract is treated separately in the Contract Disputes Act:

> *Appeals* under paragraph (g) of section 607 of this title and suits under section 609 of this title, arising out of maritime contracts, shall be governed by chapter 20 [the Suits in Admiralty Act] or 22 [the Public Vessels Act] of Title 46 as applicable, *to the extent that those chapters are not inconsistent with this chapter.*

41 U.S.C. § 603 (1994) (emphasis added). Under the plain language of section 603, the Suits in Admiralty Act is applicable to appeals otherwise arising under section 607(g) to the extent that the Suits in Admiralty Act is not inconsistent with the Contract Disputes Act. The Suits in Admiralty Act provides that a proceeding in admiralty involving the United States must be brought in a district court, *see* 46 U.S.C.A. app. §§ 742,

782 (West Supp.1997), and that such a suit "may be brought only within two years after the cause of action arises." 46 U.S.C.A. app. § 745.

This court has not previously addressed whether application of the Suits in Admiralty Act's limitations period is inconsistent with the Contract Disputes Act's provisions allowing for and governing appeals of boards of contract appeals' decisions. Southwest Marine relies on *McMahon v. United States*, 342 U.S. 25, 72 S.Ct. 17, 96 L.Ed. 26 (1951), for the proposition that the Suits in Admiralty Act's limitations period is not tolled while a claimant pursues available administrative remedies. The court notes, however, that *McMahon* and all of the other cases that Southwest Marine relies on involved operative facts occurring before the effective date of the Contract Disputes Act. None of the cases involved the issue whether an appeal of an action properly filed under the Contract Disputes Act is subject to the Suits in Admiralty Act's two-year statute of limitations.

Instructive on the issue of the timeliness of a civil action, when administrative review of a contract dispute is required, is *Crown Coat Front Co. v. United States*, 386 U.S. 503, 87 S.Ct. 1177, 18 L.Ed.2d 256 (1967). In that case, the Court distinguished *McMahon* from cases that involve the application of a contract disputes clause. Discussing the application of the Tucker Act, the Court stated that "[i]n disputes clause cases, however, final administrative action, which the claimant must await, may occur more than six years after the completion of a contract. When it does, the claimant would be time-barred if the six-year period is measured from the date of final performance." *Id.* at 517–18, 87 S.Ct. at 1184. The Court held that when a claim arises under a contract and is subject to an administrative determination pursuant to a disputes clause, the right to bring a civil action does not accrue until an administrative determination is rendered.

According to Southwest Marine, the Suits in Admiralty Act's two-year statute of limitations accrued at the time the dispute arose and its purported running bars further action in this case. This contention, however, must be viewed in accordance with the principles of *Crown Coat*. Here, the parties were in negotiations for several years before a claim was submitted to the contracting officer. The contracting officer took additional time to render a decision. It is worth reiterating that the contracting officer sided with the secretary. Thus, the secretary could not have filed a civil action at that juncture. Thereafter, the case was pending at the ASBCA for over two years. If the court were to hold that the Suits in Admiralty Act's two-year statute of limitations accrues at the time a dispute arises, a party receiving an adverse decision would almost always lose the opportunity to file a civil action while the case was wending its way through the required administrative process. Application of the limitations period in this manner would clearly be inconsistent with the Contract Disputes Act and its procedures allowing for and governing review of ASBCA decisions. *See id.* at 514, 87 S.Ct. at 1183.

Further, Southwest Marine's argument turns the plain language of section 603 on its head. *See* 41 U.S.C. § 603 ("Appeals under paragraph (g) of section 607 of this title and suits under section 609 of this title, arising out of maritime contracts, shall be governed by chapter 20 or 22 of Title 46 as applicable, *to the extent that those chapters are not inconsistent with this chapter*.") (emphasis added). Nothing in the legislative history of the Contract Disputes Act indicates that Congress intended the Suits in Admiralty Act's limitations period to supersede the Contract Disputes Act. *See In re Alappat*, 33 F.3d 1526, 1531 (Fed.Cir.1994) (in banc) (absent clearly expressed legislative intent to contrary, plain and unambiguous meaning of a statute prevails). Thus, Southwest Marine's argument would lead to a result not intended by Congress.

## CONCLUSION

Because this case could have and should have been brought in the district court, and because this court determines that transfer to that court is in the interest of justice, this court will grant the secretary's motion to transfer the case to the United States District Court for the Southern District of Cali-

fornia pursuant to section 1631 and deny Southwest Marine's motion to dismiss.

Accordingly,

IT IS ORDERED THAT:

(1) The secretary's motion to transfer the case to the United States District Court for the Southern District of California is granted.

(2) Southwest Marine's motion to dismiss is denied.