NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**JOHN C. BRISBIN, DBA CONSTRUCTION
DEVELOPMENT SYSTEMS,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

_____

2015-5067

_____

Appeal from the United States Court of Federal Claims in No. 1:14-cv-00389-JFM, Senior Judge James F. Merow.

_____

Decided:  December 10, 2015

_____

JOHN C. BRISBIN, Fresno, CA, pro se.

LAUREN MOORE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. With her on the brief were BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., DONALD E. KINNER.

_____

Before MOORE, CLEVENGER, and REYNA, *Circuit Judges.*

PER CURIAM.

Pro se appellant John C. Brisbin brought claims against the United States for breach of contract relating to his road work in Sequoia and Kings Canyon National Parks. He now appeals from a judgment of the Court of Federal Claims dismissing his contract claims for lack of subject matter jurisdiction. *See Brisbin v. United States*, 119 Fed. Cl. 701 (2015).

For the reasons stated below, we *affirm*.

BACKGROUND

In March of 2009, Plaintiff John C. Brisbin (individually and DBA as Construction Development Systems) entered into a contract with the United States ("U.S." or "the Government") relating to road construction and repair on the Generals Highway in Sequoia and Kings Canyon National Parks. During the course of the Plaintiff's road work, Plaintiff submitted five claims for additional payments to the Government contracting officer ("CO") relating to modifications and changes to the contract. The total amount of each claim exceeded $10,000 per claim.

The CO denied each of the respective claims on May 5, 2010, March 10, 2010, June 3, 2010, May 3, 2012, and November 29, 2012. In accordance with 41 U.S.C. § 7103(d) (2011),[1] each of the CO's decisions denying each claim was in writing and was mailed to Plaintiff. The contents of each written denial included a statement of the reason for the decision. *See* 41 U.S.C. § 7103(e). Additionally, each decision "inform[ed] the contractor of the

---

[1]    41 U.S.C. § 7103 was formerly cited as 41 U.S.C. § 604 and 41 U.S.C. § 605.

contractor's rights" as those rights are defined in Chapter 71 of Title 41 of the U.S. Code. *See id.* Specifically, each of the CO's letters identified the proper forums in which Plaintiff could seek judicial review of the CO's decision, and identified the deadlines for filing appeals in each forum. For example, the CO's letter of May 5, 2010 (denying Plaintiff's February 8, 2010 claim) stated:

> You may appeal this decision to the Civilian Board of Contract Appeals. If you decide to appeal, you must, within 90 days from the date you receive this decision, mail or otherwise furnish written notice to the Civilian Board of Contract Appeals . . . .

*See* Defendant-Appellee's Appendix at A33.

Importantly, each letter also notified Plaintiff that "[a]s an alternative to the Board of Contract Appeals, you may bring an action directly to the United States Court of Federal Claims within 12 months of the date you receive this decision." *See id.* The letters did not state that an appeal could or should be brought in a U.S. District Court.

Notwithstanding the advice in each of the five letters, Plaintiff filed a complaint for breach of contract against the U.S. in the U.S. District Court for the Eastern District of California on May 13, 2013 (more than 12 months after four of the five denials were issued). Plaintiff's complaint sought damages of $823,548.83 for alleged breach of contract arising from the claims denied by the CO. On March 12, 2014, ruling on a motion by the Government to dismiss the complaint, the district court held that the Little Tucker Act, 28 U.S.C. § 1346(a)(2) (2013), limits to district courts claims against the Government not exceeding $10,000. Because Plaintiff's claims alleged damages in excess of $10,000, the district court held that it lacked jurisdiction to hear Plaintiff's complaint, and that exclusive jurisdiction lay with the U.S. Court of Federal Claims under 28 U.S.C. § 1491(a) (2011). The district court there-

fore dismissed the case. The district court did not consider whether to transfer the case to the Court of Federal Claims pursuant to 28 U.S.C. § 1631 (1982).

Shortly after the district court's dismissal, on May 6, 2014, Plaintiff filed a complaint in the Court of Federal Claims asserting substantially the same claims as in the district court complaint. On motion from the Government, the Court of Federal Claims dismissed the complaint for lack of subject matter jurisdiction. While acknowledging that Plaintiff was seeking relief in the proper forum, the Court of Federal Claims held that Plaintiff had not filed his claims within the 12-month period mandated by 41 U.S.C. § 7104(b)(3) (2011).

Plaintiff now appeals the Court of Federal Claim's dismissal of his complaint.

## DISCUSSION

This court reviews the Court of Federal Claims' dismissal for lack of subject matter jurisdiction *de novo. Brandt v. United States*, 710 F.3d 1369, 1373 (Fed. Cir. 2013). The plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *Id.*

### A

We agree with the Court of Federal Claims that Plaintiff's contract claims are time barred. A contractor displeased with a CO's decision is given twelve months within which to appeal that decision to the Court of Federal Claims. 41 U.S.C. § 7104(b)(3). If this time deadline is not met, the CO's decision becomes final, conclusive, and not subject to review. 41 U.S.C. § 7103(g).

The most recent rejection of Plaintiff's claims occurred on November 29, 2012. However, Plaintiff did not file a complaint with the Court of Federal Claims until May 6, 2014, approximately one year and five months after the most recent rejection (and even longer after the older

rejections). Thus, the Court of Federal Claims correctly held that because Plaintiff did not file his complaint within twelve months of the rejection of any his claims, the court lacked jurisdiction to hear his complaint.

On appeal to this court, Plaintiff's primary argument appears to be that the letters sent to the CO were not "claims" as the term is used in 41 U.S.C. § 7103, but were rather "potential claims" or "unresolved issues." Plaintiff argues that "potential claims" do not become "claims" until the execution of a "Release of Claims" form, which Plaintiff alleges the Government never provided.[2] Plaintiff argues that his "potential claims" did not become "claims" until the filing of his complaint with the Court of Federal Claims, and thus, were timely. We reject this argument.

The Contract Disputes Act ("CDA") grants the Court of Federal Claims jurisdiction over actions brought on claims within twelve months of a contracting officer's final decision. *K-Con Bldg. Sys., Inc. v. United States*, 778 F.3d 1000, 1005 (Fed. Cir. 2015)*; see also* 41 U.S.C. § 7104(b). "Jurisdiction requires both that a claim meeting certain requirements have been submitted to the relevant contracting officer and that the contracting officer have issued a final decision on that claim." *K-Con*, 778 F.3d at at 1005.

A "claim," as that term is used in the CDA, is "a written demand or written assertion by one of the contracting parties seeking, as a matter of right, the payment of money in a sum certain, the adjustment or interpretation of contract terms, or other relief arising under or relating

---

[2]    The Government disputes this allegation in their brief, and asserts that "final voucher and release of claims forms" were sent to Plaintiff on July 3, 2013.

to the contract." *Reflectone, Inc. v. Dalton*, 60 F.3d 1572, 1575 (Fed. Cir. 1995) (quoting regulation then codified at 48 C.F.R. § 33.201; current version at 48 C.F.R. § 52.233-1).

A claim need not be submitted in any particular form or use any particular wording, but it must provide a clear and unequivocal statement that gives the contracting officer adequate notice of the basis and amount of the claim. *K-Con*, 778 F.3d at 1005. The contracting officer "shall issue a decision in writing" that is mailed or otherwise provided to the contractor. 41 U.S.C. § 7103(d). The decision must "state the reasons for the decision reached and shall inform the contractor of the contractor's rights as provided in this chapter." *Id.* at § 7103(e).

In the present case, each of Plaintiff's letters to the Government were written demands by Plaintiff seeking, as a matter of right under the contract, payment of money in a sum certain by the Government. Indeed, each of Plaintiff's letters contained a certification stating, *inter alia*, "I certify that the claim is made in good faith." Plaintiff's letters were thus clearly "claims" as that term is used by the CDA.

Further, in denying Plaintiff's claims, the CO's letters stated unequivocally that "[t]his is the Contracting Officer's final decision on the matter and is being issued pursuant to FAR 52.233-1, Disputes, of the contract." The CO's letters similarly informed Plaintiff that he had a right to appeal the decision to the Civilian Board of Contract Appeals, or bring an action directly to the Court of Federal Claims. Thus, the CO's letters were clearly the decisions of the CO under the statute. *See* 41 U.S.C. § 7104(b)(3) (contractor must file an appeal within 12 months of "the date of receipt of a contracting officer's decision under section 7103 of this title").

Assuming for the sake of argument that Plaintiff never received a "Release of Claims" form, we do not see how

that changes the analysis above. The Government generally requires a release of claims from contractors prior to making final payment under a contract. *See e.g.* 48 C.F.R. § 52.232-5(h)(3) (2014). Whether a release form is provided to a contractor, or the contractor signs the release form, is irrelevant to whether a claim existed in the first place. Indeed, 48 C.F.R. § 52.232-5(h)(3) clearly contemplates that "claims," to the extent there are any, exist prior to the execution of the release, else there would be no reason for a release in the first place. *Cf. Augustine Med., Inc. v. Progressive Dynamics, Inc.*, 194 F.3d 1367, 1372 (Fed. Cir. 1999) (explaining that general release language in a contract usually constitutes a waiver of all claims and causes of action arising under or by virtue of the contract). The Plaintiff's letters to the CO demanded monetary payments under his contract with the Government. Those demands were each denied in writing by the CO, which started the 41 U.S.C. § 7104(b)(3) clock ticking.

## B

For similar reasons, we also reject Plaintiff's argument that the relevant statute of limitations for filing with the Court of Federal Claims is the six year limitation set out in 41 U.S.C. § 7103(a)(4)(A). The relevant statutory language referred to by Plaintiff is as follows:

> Each claim by a contractor against the Federal Government relating to a contract and each claim by the Federal Government against a contractor relating to a contract shall be submitted within 6 years after the accrual of the claim.

41 U.S.C. § 7103(a)(4)(A).

The six year time limit in § 7103(a)(4)(A) pertains to the statute of limitations for submitting a claim to the Government after the claim accrues. A claim accrues as of "the date when all events, that fix the alleged liability of either the Government or the contractor and permit

assertion of the claim, were known or should have been known." *Sikorsky Aircraft Corp. v. United States*, 773 F.3d 1315, 1320 (Fed. Cir. 2014) (quoting 48 C.F.R. § 33.201). Plaintiff's claims were timely submitted to the CO after accrual per 41 U.S.C. § 7103(a)(4)(A). However, each final decision of the CO denying Plaintiff's respective claims started a new 12-month clock running on the time to file an appeal with the Court of Federal Claims under 41 U.S.C. § 7104(b)(3). It is this latter deadline that Plaintiff missed, and which deprives the Court of Federal Claims of jurisdiction to hear his complaint.

## C

In the court below, Plaintiff appears to have argued that he relied on 28 U.S.C. § 1631 in his decision to file in the district court (rather than in the Court of Federal Claims), presumably believing that if his selection of forum was wrong the district court would transfer his case to the correct forum, rather than dismissing it outright. As the court below noted, in the Ninth Circuit § 1631 is mandatory in nature, *i.e.* a district court must consider whether to transfer a case pursuant to § 1631 once it has determined that it lacks jurisdiction even if no party moved the court for such a transfer. *See Hays v. Postmaster General*, 868 F.2d 328, 331 (9th Cir. 1989).

Under *Hays*, after determining that it lacked jurisdiction to hear Plaintiff's complaint, the district court was required to determine whether to transfer Plaintiff's complaint to another court with jurisdiction to hear his case. The district court made clear that it understood that "exclusive jurisdiction" over Plaintiff's claims was with the Court of Federal Claims. *See* Defendant-Appellee's Appendix at A126. Despite this, the district court failed to examine whether "in the interest of justice," it should transfer Plaintiff's claims to the Court of Federal Claims. *See Hays*, 868 F.2d at 331. At least one of Plaintiff's claims would not have been time barred had the district

court transferred the case instead of dismissing it and forcing Plaintiff to file a new complaint. But because the deadline for filing with the Court of Federal Claims had passed by the time the district court dismissed Plaintiff's claims, the district court's error effectively denied Plaintiff of his statutory right to judicial review of the CO's denial of at least one of his claims. Indeed, the district court's error frustrated the very purpose of § 1631, which is to cure the prejudice to litigants (such as the Plaintiff) who mistakenly file in the wrong forum. *See Dalton v. Sw. Marine, Inc.*, 120 F.3d 1249, 1250 (Fed. Cir. 1997) ("[S]ection 1631 is a remedial statute designed to eliminate any prejudice that results from filing in an improper forum"); *Rodriguez-Roman v. I.N.S.*, 98 F.3d 416, 422 (9th Cir. 1996) ("The purpose of the statute is to aid litigants who were confused about the proper forum for review . . . ." (internal quotation marks and citation omitted)).

While recognizing the prejudice to Plaintiff that has resulted from the district court's error, we agree with the court below that it lacked authority to determine whether or not the district court erred in dismissing Plaintiff's earlier case.

Without expressing any opinion on the merits of such a motion, we note (as did the court below) that a litigant may move under FED. R. CIV. P. 60 for relief from a court's final judgment or order such as the district court's dismissal of Plaintiff's claim.[3]

---

[3] We also note that the Plaintiff did not ask the court below or this court to consider whether equitable tolling might allow Plaintiff to file his complaint out of time. We decline to address that issue in the first instance.

CONCLUSION

Because Plaintiff's contract claims were untimely filed, we affirm the decision of the Court of Federal Claims.

**AFFIRMED**

COSTS

No Costs.