F. David SEINFELD, Leatrice Seinfeld, Frederick Seinfeld, et al., Plaintiffs–Appellants,

v.

K. Frank AUSTEN, Duane L. Burnham, H. Laurance Fuller, et al., Defendants–Appellees.

No. 94–1507.

United States Court of Appeals, Seventh Circuit.

Argued Sept. 19, 1994.

Decided Nov. 7, 1994.

Rehearing and Suggestion for Rehearing En Banc Denied Dec. 19, 1994.*

* Hon. Walter J. Cummings took no part in the consideration of this petition for rehearing en banc.

Joel M. Hellman, Chicago, IL, Bruce E. Gerstein, Scott W. Fisher (argued), Barry S. Taus, Garwin, Bronzaft, Gerstein & Fisher, New York City, for F. David Seinfeld, Leatrice Seinfeld, Frederick Seinfeld.

Robert A. Holstein, Aron D. Robinson, Bruce J. Goodhart, Holstein, Mack & Klein, Chicago, IL, for Steven Robinson.

Kenneth H. Hanson, Chicago, IL, Irving Bizar, Scott M. Gilbert, New York City, for Joseph Seplow.

Marvin A. Miller, Kenneth A. Wexler, Miller, Faucher, Cherlow, Cafferty & Wexler, Chicago, IL, for Beth Margolis.

Phil C. Neal, George M. Hoffman, William W. Davis, Neal, Gerber & Eisenberg, Chicago, IL, for K. Frank Austen, Duane L. Burnham, H. Laurance Fuller, Sir Bernard Hayhoe, Thomas R. Hodgson, David A. Jones, Boone Powell, Jr., Addison B. Rand, W. Ann Reynolds, William D. Smithburg, John R. Walter, William L. Weiss, Lael F. Johnson.

Frank Cicero, Jr., Robert J. Kopecky (argued), Craig Knot, Anne J. McClain, Kirkland & Ellis, Chicago, IL, for Abbott Laboratories.

Phil C. Neal, George M. Hoffman, Neal, Gerber & Eisenberg, Chicago, IL, for Robert N. Beck, Paul N. Clark, Gary P. Coughlan, John G. Kringel, Duncan J. McIntyre, Robert Parkinson, David A. Thompson, Joy A. Amundson, Kenneth W. Farmer, Thomas Freyman, Joseph S. Jenckes.

Before BAUER and MANION, Circuit Judges, and GRANT,** District Judge.

MANION, Circuit Judge.

Plaintiffs below, individual shareholders of Abbott Laboratories, Inc. ("Abbott" or "the corporation"), appeal the denial of their motion to remand this case to state court and also appeal the district court's subsequent dismissal of their complaint against Abbott's Board of Directors for breach of fiduciary duty. We conclude that the district court lacked federal question jurisdiction to remove this case to federal court and therefore reverse with instructions to remand this action to state court.

## I.  Background

This is a consolidated shareholders derivative suit originally filed in state court. The plaintiffs, F. David Seinfeld (including Leatrice and Frederick Seinfeld), Joseph Seplow, Steven Robinson, and Beth Margolis, each filed separate actions in the Circuit Court of Cook County, Illinois alleging that the defendants, Abbott's Board of Directors, breached

** Hon. Robert A. Grant, District Judge for the Northern District of Indiana, is sitting by designation.

their fiduciary duty to the corporation by failing to properly monitor Abbott's most senior executives and prevent them from engaging in violations of federal antitrust laws. Specifically, plaintiffs allege that defendants' failure to supervise management caused the corporation to lose $140 million, the amount that the corporation paid to settle several alleged antitrust claims. Defendants removed these actions to federal district court. The plaintiffs moved to remand the proceedings to state court for lack of removal jurisdiction. The district court denied the motion and, with the agreement of the parties, consolidated the actions. Plaintiffs amended their complaint to reflect the consolidation and moved again to remand the proceedings to state court. This motion too was denied. Defendants then moved to dismiss plaintiffs' complaint for failure to make a "demand" upon the directors prior to filing suit, as required by Fed.R.Civ.P. 23.1. The district court agreed and dismissed plaintiffs' complaint.

On appeal, plaintiffs contend, among other things, that the district court did not have jurisdiction over this action and therefore erred in denying their motion to remand these proceedings to state court.

## II. Analysis

■ Plaintiffs argue that the district court erred in removing their claims from state court because they could not have brought their state law actions in federal court in the first instance. The propriety of removal of a state action to federal court is a question of federal jurisdiction and is subject to *de novo* review. *Milne Employees Ass'n v. Sun Carriers*, 960 F.2d 1401 (9th Cir.1991).

■ Under 28 U.S.C. § 1441(a), removal of a state civil action to federal court is proper where "the district courts of the United States have original jurisdiction." The district court's original jurisdiction extends to "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425,

2429, 96 L.Ed.2d 318 (1987), the Supreme Court held that absent diversity of citizenship, federal question jurisdiction is required. "Only state court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Id.* Since diversity of citizenship is not alleged here, "the propriety of the removal . . . turns on whether the case falls within the original 'federal question' jurisdiction of the federal courts." *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 808, 106 S.Ct. 3229, 3232, 92 L.Ed.2d 650 (1986).

■ In this case, plaintiffs' complaint[1] alleges a state law claim for breach of fiduciary duty that is predicated on defendants' alleged violation of federal antitrust laws. The question is whether this complaint states a cause of action that "arises under" federal law. Defendants argue that it does, citing the Supreme Court in *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 13, 103 S.Ct. 2841, 2848, 77 L.Ed.2d 420 (1983):

> Even though state law creates [a party's] causes of action, its case might still "arise under" the laws of the United States if a well-pleaded complaint established that its right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties.

Defendants urge that this language creates federal jurisdiction over state claims, like the one presented here, "without regard to whether Congress intended a federal cause of action." *Rogers v. Platt*, 814 F.2d 683, 688 (D.C.Cir.1987). As long as plaintiffs' complaint raises a substantial federal question in their state created cause of action, defendants contend that it is not necessary that the underlying federal law create a federal private right of action in favor of plaintiffs.

*Franchise Tax*, however, is not the final word on the matter. The passage from *Franchise Tax* cited above, and others like it, was interpreted by the Court in *Merrell Dow*. In that case, the Supreme Court specifically clarified this language and noted that

---

1. The question of whether a claim "arises under" federal law must be determined by reference to the plaintiff's well-pleaded complaint. *Merrell* *Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 808, 106 S.Ct. 3229, 3232, 92 L.Ed.2d 650 (1986).

*Franchise Tax* "did not purport to disturb the long-settled understanding that the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Id.*, 478 U.S. at 813, 106 S.Ct. at 3234. The Court then defined the intent of this language as follows:

> [T]he congressional determination that there should be no federal remedy for the violation of this federal statute is tantamount to a congressional conclusion that the presence of a claimed violation of the statute as an element of a state cause of action is insufficiently 'substantial' to confer federal-question jurisdiction.... We conclude that a complaint alleging a violation of a federal statute as an element of a state cause of action, when Congress has determined that there should be no private, federal cause of action for the violation, does not state a claim 'arising under the Constitution, laws, or treaties of the United States.'

*Id.* at 814, 817, 106 S.Ct. at 3235, 3237. Under *Merrell Dow,* therefore, "if federal law does not provide a private right of action, then a state law action based on its violation perforce does not raise a 'substantial' federal question." *Utley v. Varian Assoc., Inc.*, 811 F.2d 1279, 1283 (9th Cir.), *cert. denied,* 484 U.S. 824, 108 S.Ct. 89, 98 L.Ed.2d 50 (1987); *see also Rogers,* 814 F.2d at 688 (it is unnecessary for federal courts to consider whether a substantial federal question is a necessary element of a state cause of action "because congressional intent not to create a federal cause of action is deemed a proxy for the ultimate question whether or not Congress

intended to confer federal jurisdiction."); *accord Smith v. Industrial Valley Title Ins. Co.*, 957 F.2d 90, 93 (3d Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 3034, 120 L.Ed.2d 903 (1992); *Nashoba Communications Ltd. Partnership No. 7 v. Town of Danvers,* 893 F.2d 435, 438–39 (1st Cir.1990); *Willy v. Coastal Corp.*, 855 F.2d 1160, 1168–69 (5th Cir.1988).[2] As this court stated in *Dillon v. Combs,* 895 F.2d 1175, 1177 (7th Cir.1990), *cert. denied,* 498 U.S. 1023, 111 S.Ct. 670, 112 L.Ed.2d 663 (1991), "[a] federal rule of decision is necessary but not sufficient for federal jurisdiction. There must also be a right of action to enforce that rule."

■ Turning to plaintiffs' complaint, we must determine whether the antitrust laws, the violation of which plaintiffs allege as the basis of their state law breach of fiduciary duty claims, grant these plaintiffs a private right of action.[3] We conclude in this case that they do not.

Section 4 of the Clayton Act sets forth the group of persons who may maintain private damages actions under the antitrust laws. This section provides in pertinent part:

> [A]ny person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws may sue therefor in any district court of the United States in the district in which the defendant resides.

15 U.S.C. § 15. Despite the broad wording of this section, it is well-settled that private plaintiffs, such as here, must prove the existence of an "antitrust injury" before they may recover damages under this section. *Atlantic Richfield Co. v. USA Petroleum Co.*,

---

**2.** Defendants cite this court's decision in *Napoleon Hardwoods Inc. v. Professionally Designed Benefits, Inc.*, 984 F.2d 821, 822 (7th Cir.1993), in support of their argument that federal question jurisdiction exists where a substantial, disputed question of federal law is an element of plaintiffs' state law claim. As noted above, however, *Merrell Dow* interpreted the word "substantial" in this phrase to mean a congressional choice to include a private right of action in favor of plaintiffs. *Merrell Dow,* 478 U.S. at 814, 106 S.Ct. at 3235. Subsequent to *Merrell Dow* this and other phrases taken from *Franchise Tax* (including its progeny and precursors) must be similarly interpreted. *But see West 14th Street Commercial Corp. v. 5 West 14th Street Owners Corp.*, 815 F.2d 188, 194 (2d Cir.), *cert. denied,* 484 U.S. 871, 108 S.Ct. 200, 98 L.Ed.2d 151 (1987) (indicating that even if plaintiffs had no

express right of action under the statute, their state claims encompassed a substantial federal question and therefore still presented a federal question sufficient under 28 U.S.C. § 1331).

**3.** Defendants argue that federal law need not specifically grant *these* plaintiffs a private right of action as long as *someone* has been granted such a right in the statute. As this court noted in *Dillon,* 895 F.2d at 1177, however, the plaintiff must be the one authorized by the statute to sue in federal court. *Id.* (no federal removal jurisdiction where Congress, in RICO, did not authorize a state to obtain relief on account of a fraud practiced against its residents, but allowed suits by the federal government or by persons injured in their business or property).

495 U.S. 328, 334, 110 S.Ct. 1884, 1889, 109 L.Ed.2d 333 (1990); *see also Associated General Contractors of California, Inc. v. California State Council of Carpenters,* 459 U.S. 519, 534–35, 103 S.Ct. 897, 906–07, 74 L.Ed.2d 723 (1983). Such injury must be attributable to an anticompetitive aspect of the practice under scrutiny and must flow from that which makes the defendants' acts unlawful. *Atlantic Richfield Co.,* 495 U.S. at 334, 110 S.Ct. at 1889; *Brunswick Corp. v. Pueblo Bowl–O–Mat, Inc.,* 429 U.S. 477, 489, 97 S.Ct. 690, 697–98, 50 L.Ed.2d 701 (1977). In addition, the antitrust laws were designed to protect consumers and competitors in the market in which trade was restrained. *Associated General Contractors,* 459 U.S. at 539, 103 S.Ct. at 909.

In this case, the "practice under scrutiny" is the defendants' alleged failure to supervise senior Abbott management and prevent them from engaging in violations of the antitrust laws. While proper supervision in this case may have prevented the anticompetitive activities allegedly engaged in by management, a failure to do so is not itself anticompetitive. The corporation's alleged $140 million injury flows from the activities of management, not the inactivity of the Board. In addition, plaintiffs' complaint does not contend that the corporation was injured by any anti-competitive behavior in the market. This is not surprising, for it is the corporation itself, albeit through its management, that is alleged to be the perpetrator of these violations.

Because plaintiffs could not have sued originally in federal court, plaintiffs' state law breach of fiduciary duty claim does not "arise under" federal law. As there is no original federal jurisdiction under 28 U.S.C. § 1331, removal jurisdiction was improperly exercised and the action must be remanded to state court.

### III. Conclusion

For the foregoing reasons, we reverse with instructions to grant plaintiffs' motion to remand these proceedings to state court.