61 F.3d 905
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Gaylon L. HARRELL, Plaintiff-Appellant,
v.
John W. TURNER & Tim Huyett, Defendants-Appellees.
 No. 94-2280.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 6, 1995.*
Decided July 7, 1995.
 
 Before FLAUM, RIPPLE AND KANNE, Circuit Judges.
 
 ORDER
 
 1
 This appeal involves the removal to federal court, and subsequent dismissal, of an action brought by a pro se litigant, Gaylon L. Harrell, against the State's Attorney and Assistant State's Attorney for Logan County, Illinois. Harrell challenges the district court's denial of his petition to remand the case to state court. We affirm.
 
 
 2
 Harrell filed a two count complaint in the Circuit Court of Logan County, Illinois, alleging that the defendants, John W. Turner, State's Attorney for Logan County, and Tim Huyett, Assistant State's Attorney for Logan County, intentionally prosecuted Harrell[1] without being licensed attorneys in Illinois and thereby violated Article VI, Section 19 of the Illinois Constitution (Count I), and that by prosecuting Harrell, the defendants denied him a "Republican Form of Government" guaranteed to him by the Northwest Ordinance and Article IV, Section 4 of the United States Constitution (Count II). The defendants removed the case to federal district court and Harrell filed an objection. After removal, the defendants filed a motion to dismiss the complaint for failure to state a claim, Fed. R. Civ. P. 12(b)(6). The district court overruled Harrell's objection to removal and found that, since the defendants were licensed attorneys and since they were entitled to prosecutorial immunity, Harrell had no colorable cause of action. Accordingly, the district court dismissed Harrell's complaint. This timely appeal follows.
 
 
 3
 Whether a state action was properly removed to federal court is a question of federal jurisdiction and, hence, subject to de novo review. Seinfeld v. Austen, 39 F.3d 761, 763 (7th Cir. 1994) (citing Milne Employees Ass'n v. Sun Carriers, 960 F.2d 1401 (9th Cir. 1991)), cert. denied, Abbott Lab. v. Seinfeld, 115 S. Ct. 1998 (1995). Under 28 U.S.C. Sec. 1441(a), an action originally filed in state court may be removed to federal district court when "the district courts of the United States have original jurisdiction." Seinfeld v. Austen, 39 F.3d at 763; Frances J. v. Wright, 19 F.3d 337, 340 (7th Cir.), cert. denied, 115 S. Ct. 204 (1994). Since there was no diversity jurisdiction here, removal is proper only if there is a legitimate federal question in Harrell's complaint. Doe v. Allied-Signal, Inc., 985 F.2d 908, 911 (7th Cir. 1993). Federal question jurisdiction exists so long as "it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims, or that one or the other claim is 'really' one of federal law." Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 13 (1983). However, "[c]ourts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum." Doe v. Allied-Signal, Inc., 985 F.2d 908, 911 (7th Cir. 1993) (citing Illinois v. Kerr-McGee Chemical Corp., 677 F.2d 571, 576 (7th Cir.), cert. denied, 459 U.S. 1049 (1982)). Nonetheless, we must be mindful that "a plaintiff may not dodge federal court, and so engage in dreaded forum shopping, by 'artful pleading."' Id. (citing Federated Department Stores, Inc. v. Moitie, 452 U.S. 394, 397 n.2 (1981) (quoting 14 Charles Alan Wright, et al., Federal Practice and Procedure Sec. 3722 (1976)).
 
 
 4
 The district court found that since Count I of Harrell's complaint was essentially a claim for damages under 42 U.S.C. Sec. 1983, federal jurisdiction was proper. In the first paragraph of Count I, Harrell alleges that by violating their oath of office to uphold both the Illinois and the United States Constitutions, the defendants violated his constitutionally guaranteed rights to liberty, the pursuit of happiness, due process, and equal protection of the law. This indeed might be considered a claim under Sec. 1983. Harrell argues, though, that Count I is a claim under state law as is evidenced by paragraphs 2 and 3, where he alleges that the defendants violated Article VI, Section 19 of the Illinois Constitution by prosecuting him without a license.[2] However, regardless of whether Count I "really" presents a federal claim or question, Harrell's claim in Count II is clearly a federal one - Harrell alleges that by prosecuting him without an attorney's license, the defendants denied him a "Republican Form of Government" as guaranteed to him by the Northwest Ordinance and Article IV, Section 4 of the United States Constitution. Since Harrell's complaint involves at least one federal claim, the district court did not err when it denied Harrell's request to have the case remanded to the state court.
 
 
 5
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed. R. App. P. 34(a); Cir. R. 34(f). No such statement having filed, the appeal is submitted on the briefs and record
 
 
 [1]
 This "prosecution" was brought for Harrell's violation of a Logan County Ordinance regarding the removal of nuisance vehicles. Harrell pleaded guilty, was required to remove the "nuisance vehicle" from his property and was fined $250
 
 
 [2]
 Article VI, Section 19 of the Illinois Constitution provides, in pertinent part: "A person shall not be eligible for the office of the State's Attorney unless he is a United States citizen and a licensed attorney-at-law of this state."