KENRO, INC., On Behalf of Itself and All others Similarly Situated, Plaintiff,

v.

FAX DAILY, INC., and Huntington National Bank of Indiana d/b/a Huntington Banks, On Behalf of Itself and All Others Similarly Situated, Defendants.

No. IP 95–1077 C B/S.

United States District Court, S.D. Indiana, Indianapolis Division.

Nov. 8, 1995.

Irwin B. Levin, Cohen & Malad, Indianapolis, IN, for Plaintiff.

Adam Arceneaux, Ice Miller Donadio & Ryan, Indianapolis, IN, Russell L. Jones, Carmel, IN, for Defendant.

## ENTRY

BARKER, Chief Judge.

This is before the Court on plaintiff Kenro Inc.'s ("Kenro") Motion to Remand. For the reasons discussed below, the Motion to Remand is **DENIED**.

### I. Background

On July 14, 1995, Kenro filed a Class Action Complaint in the Marion Superior Court alleging that Defendants Fax Daily, Inc. ("Fax Daily") and Huntington National Bank of Indiana d/b/a/ Huntington Banks ("Huntington") violated the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227. On August 14, 1995, Huntington, with the consent of Fax Daily, removed this action to this Court pursuant to 28 U.S.C. § 1441(a), claiming that the action is within the original jurisdiction of this Court because it presents a federal question pursuant to 28

U.S.C. § 1331. Plaintiff now requests that we remand the case back to the Marion Superior Court, arguing that this court lacks subject matter jurisdiction because the language of the TCPA provides for exclusive jurisdiction in state courts.

## II. Analysis

### A. Standard for Removal/Remand

▆▆▆ A case originally filed in state court may be removed to federal court pursuant to 28 U.S.C. § 1441, which provides in relevant part:

Except as otherwise expressly provided by Act of Congress, any civil action brought in State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. . . .

28 U.S.C. § 1441(a). Under the removal statute, "it is generally true that if a case could not originally be brought in federal court it may not be removed there." *McCarty v. Amoco Pipeline Co.*, 595 F.2d 389, 393 (7th Cir.1979), *citing* 1 JAMES W. MOORE, ET AL., MOORE'S FEDERAL PRACTICE ¶ 0.91[1] at 845–46 n. 10 (1st ed. 1978). Thus, once removed, a federal court may entertain the case only if the court has subject matter jurisdiction over the removed case. Furthermore, the burden is on the party seeking to remove, and the case should be remanded if there is doubt as to the right of removal. *Doe v. Allied–Signal, Inc.*, 985 F.2d 908, 911 (7th Cir.1993). *See also, Casey v. Hinckley & Schmitt, Inc.*, 815 F.Supp. 266, 267 (N.D.Ill.1993).

▆▆▆ A concise description of removal jurisdiction was provided by the Seventh Circuit in *Allied–Signal:*

A federal court may remove to its jurisdiction a civil suit filed in state court so long as the district court has original jurisdiction. Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum.

Any doubt regarding jurisdiction should be resolved in favor of the states, and the burden of establishing federal jurisdiction falls on the party seeking removal. One measure of the limited scope of the removal power is the well-established doctrine that a case may not be heard in district court when the only federal question posed is raised by a defense argument, even if the plaintiff anticipated the defense argument and even if both parties concede the federal question is the only real issue in the case. . . . Courts usually determine jurisdiction based on a well-pleaded complaint.

985 F.2d at 911 (citations omitted). Plainly, the first step in the court's analysis of a remand question must be to look at the face of the complaint to determine whether it states a claim cognizable under federal law.[1] If so, the case was properly removed and remand should be denied.

### B. Federal Question Jurisdiction

▆▆▆ Whether federal question jurisdiction exists over an action is governed by the "well-pleaded complaint rule", "which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *GNB Battery Technologies, Inc. v. Gould, Inc.*, 65 F.3d 615, 619 (7th Cir.1995), *quoting, Burda v. M. Ecker Co.*, 954 F.2d 434, 438 (7th Cir.1992). Under the well-pleaded complaint rule, for federal question jurisdiction to exist over an action, "federal law must create the cause of action, or some substantial, disputed question of federal law must be an element in the plaintiff's claim." *Commercial Nat'l Bank v. Demos*, 18 F.3d 485, 488 (7th Cir.1994). "A federal rule of decision is necessary but not sufficient for federal jurisdiction. There must also be a right of action to enforce that rule." *Dillon v. Combs*, 895 F.2d 1175, 1176 (7th Cir.1990), *cert. denied*, 498 U.S. 1023, 111 S.Ct. 670, 112 L.Ed.2d 663 (1991)), *citing, Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S.

---

1. This is necessary because section 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

804, 807–12, 106 S.Ct. 3229, 3231–34, 92 L.Ed.2d 650 (1986).

Kenro's complaint clearly presents a federal question, as it alleges a violation of the TCPA, a federal law. Furthermore, the TCPA expressly provides for a private cause of action. 47 U.S.C. § 227(b)(3). Thus, applying the well-pleaded complaint rule, this Court finds that it has federal question jurisdiction over this action.

Plaintiff cites the decisions in *Seinfeld v. Austen*, 39 F.3d 761 (7th Cir.1994), *Merrell Dow*, and *Franchise Tax Bd. of California v. Construction Laborer's Vacation Trust for Southern California*, 463 U.S. 1, 103, S.Ct. 2841, 77 L.Ed.2d 420 (1983), in support of its argument that federal question jurisdiction does not exist over actions under the TCPA. None of these cases provides support for plaintiff's argument. In both *Merrell Dow* and *Seinfeld*, the complaint alleged a *state* cause of action which was predicated on a violation of federal law. The Seventh Circuit in *Seinfeld* held that the "mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction." 39 F.3d at 764, *quoting, Merrell Dow*, 478 U.S. at 813, 106 S.Ct. at 3234. In *Franchise Tax Board*, the action was a state law cause of action and the federal claim arose only as a defense based upon preemption. The Supreme Court held that a federal defense is insufficient to establish federal question jurisdiction. *Franchise Tax Board*, 463 U.S. at 11, 103 S.Ct. at 2847. (A suit arises under the law that creates the cause of action.) In the instant case, federal law creates the cause of action. The instant case does not involve any state law claims, as in *Merrell Dow* and *Seinfeld*, nor does it involve a federal defense as in *Franchise Tax Board*.

Plaintiff makes a textual argument for exclusive state jurisdiction over TCPA actions. The relevant provision in the TCPA provides that:

A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State ... [an action under the TCPA].

47 U.S.C. § 227(b)(3). Plaintiff admits that this language has two possible interpretations: that state courts have exclusive jurisdiction over actions brought under the TCPA, or that state courts and federal courts have concurrent jurisdiction. *See, Plaintiff's Brief* at 2. Plaintiff argues that the first interpretation is proper because the TCPA states that a civil action may be brought in an appropriate state court, but is silent as to actions in federal courts. Plaintiff apparently concludes that by explicitly providing for actions in state court, Congress meant to revoke federal question jurisdiction provided for by 28 U.S.C. § 1331, and thereby revoked the right to remove the case to federal court pursuant to 28 U.S.C. § 1441.

In support of its argument, plaintiff points to 47 U.S.C. § 227(f) as an example of language in which Congress "specifically required enforcement actions under this statute filed by the attorney general of a state to be brought in a federal district court." *Plaintiff's Brief* at 3. This lends no support to plaintiff's argument, however, because the fact that federal courts have exclusive jurisdiction over actions brought by a state attorney general has no bearing whatsoever on the question of whether jurisdiction is otherwise concurrent or lies exclusively in state courts. In contrast, defendant argues persuasively that because the TCPA contains no language which prohibits bringing an action in federal court, nor any language prohibiting removal to federal court, this Court has jurisdiction and removal was proper. *Defendant's Brief* at 2.

Interpretation of this subsection of the TCPA is a matter of first impression; indeed, it has not been addressed by any court in the United States. However, the applicable standards of statutory interpretation and the law regarding removal are well established. Removal of civil cases for which federal courts have jurisdiction is clearly permitted by 28 U.S.C. § 1441 absent an express provision to the contrary. *See, Resolution Trust Corporation v. Lightfoot*, 938 F.2d 65, 67 (7th Cir.1991) (citations omitted). The statute at issue in *Lightfoot* was the Financial Institutions Reform, Recovery, and Enforcement Act (FIRREA), which provides that the Resolution Trust Corporation ("RTC") may remove to the District of Columbia or the district where the institution's

principal business is located. The Seventh Circuit held that this provision did not prohibit RTC from removing cases to other district courts:

> If Congress intended FIRREA to provide the exclusive venue for removal, it did not say so, and we will not presume that it wished to repeal an existing statutory removal provision sub silentio.

*Id., citing, Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442, 107 S.Ct. 2494, 2497, 96 L.Ed.2d 385 (1987 (repeals by implication are not favored). Likewise, we will not assume that the language in the TCPA providing for a private right of action in state court was meant to repeal federal question jurisdiction which exists under 28 U.S.C. § 1331. Accordingly, we find that state court jurisdiction over actions under the TCPA is concurrent, not exclusive.

The existence of such concurrent jurisdiction does not alter the fact that TCPA actions are federal question cases. *See, Jones v. Illinois Cent. R. Co.*, 859 F.Supp. 1144, 1145 (N.D.Ill.1994). The removal statute "would be eviscerated if actions such as the present one were remanded to state court simply because such courts have concurrent jurisdiction." *Pace v. Hunt*, 847 F.Supp. 508, 510 (S.D.Miss.1994).

### III.  CONCLUSION

For the reasons explained above, we find that this Court has federal question jurisdiction over this TCPA action and that removal was proper in this case. Therefore, plaintiff's Motion to Remand is **DENIED.**

It is so ORDERED.