Garnett Gary ISBELL, Plaintiff,

v.

STEWART & STEVENSON, LTD.,
et al., Defendants.

No. Civ.A. H–97–3043.

United States District Court,
S.D. Texas,
Houston Division.

Feb. 27, 1998.

Richard S. London, London Schaeffer and Patterson, Houston, TX, for Plaintiff.

Tom M. Davis, Jr., Davis & Shank, Houston, TX, for Defendants.

## MEMORANDUM AND ORDER

ATLAS, District Judge.

Pending before the Court is Plaintiff Garnett Gary Isbell's Opposed Motion for Remand for Want of Subject Matter Jurisdiction [Doc. # 12], and the Response filed by Defendants C. Jim Stewart & Stevenson Inc. [Doc. # 16].[1]

## FACTUAL BACKGROUND

Plaintiff Isbell was terminated from his job with Stewart & Stevenson, Inc. ("S & S") on October 3, 1995. Isbell claims that this termination was a direct result and was caused solely by his refusal to participate in illegal activities at S & S. Plaintiff asserts his claim under the narrow exception to Texas' employment-at-will doctrine judicially created as a matter of public policy by the Texas Supreme Court in *Sabine Pilot v. Hauck*, 687 S.W.2d 733, 735 (Tex.1985) (allowing an employee to challenge termination from employment in an employment-at-will relationship when the sole reason for that employee's discharge is his or her refusal to participate in illegal activities). *See* Exhibit A to Defendant's [Notice of] Removal of Action [Doc. # 1]. Isbell filed suit in the 280th Judicial District Court of Harris County, Texas making claims against S & S for wrongful termination and the intentional infliction of emotional distress. *See id.* Isbell subsequently amended his original complaint, citing specific portions of both the Texas Penal Code [2] and the United States Code,[3] the violation of which he refused to participate, to demon-

strate his wrongful termination claim. *See* Exhibit C to Defendant's [Notice of] Removal of Action [Doc. # 1], at 2; Plaintiff's Amended Complaint [Doc. # 4], at 2. Responding to Isbell's citations to the United States Code, S & S removed the case to this Court. *See* Defendant's Removal of Action [Doc. # 1]. Isbell timely filed the pending Motion to Remand contending that this Court lacks subject matter jurisdiction since only a state law claim is pleaded.

## LEGAL ANALYSIS

■ The issue before the Court is whether or not Plaintiff's reference to federal criminal statutes, as well as state criminal laws, specifically, 18 U.S.C. §§ 1621 and 1623, in his complaint gives rise to removal jurisdiction as a claim "arising under" the statutes of the United States, as Defendants argue, and thus defeats Plaintiff's Motion to Remand.

■ The right to remove a case from a state to federal court derives solely from the statutory grant of jurisdiction in section 1441, which states:

> (a) ... any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a) (1994).[4] Since there is no allegation that there is diversity of citizenship jurisdiction, 28 U.S.C. § 1332, jurisdic-

---

1. Also pending are Defendants' Motion for Summary Judgment [Doc. # 10] and Plaintiff's Opposed Motion for Leave to Amend Complaint [Doc. # 18]. In light of the Court's ruling on the Motion to Remand, the Court does not reach these two motions. They will remain pending and should be decided by the state court from which this action was removed.

2. *See* TEX. PENAL CODE ANN §§ 32.21, 36.05, 37.02, 37.03, 37.08, and 37.09 (Vernon 1994 and Supp. 1998).

3. *See* 18 U.S.C. §§ 1621, 1623 (1994). Plaintiff now seeks to amend again to include additional federal criminal statutes, to wit, 18 U.S.C. §§ 2, 1001, 1006. The Court does not reach this motion since it lacks jurisdiction over this action.

4. A defendant may remove a state court action to federal court only if the action originally could have been filed in federal court and that a case may *not* be removed on the basis of an alleged defense or counterclaim. 28 U.S.C. § 1441; *Franchise Tax Bd. v. Const. Laborers Vacation Trust*, 463 U.S. 1, 4–5, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983); *Anderson v. American Airlines, Inc.*, 2 F.3d 590, 593 (5th Cir.1993). The law requires merely that, in order for a case to be removable, the cause of action which makes the case removable must be revealed "on the face" of the complaint. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 398–99, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987); *see Leffall v. Dallas Independent School Dist.*, 28 F.3d 521, 525 (5th Cir. 1994).

tion must be founded upon 28 U.S.C. § 1331, which mandates that "[t]he district courts shall have original jurisdiction of all civil actions arising under the constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 (1994). The burden of establishing federal jurisdiction is placed upon the party seeking removal. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S.Ct. 35, 66 L.Ed. 144 (1921); *Allen v. R & H Oil & Gas Company*, 63 F.3d 1326, 1335 (5th Cir.1995) (*citing Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 253–54 (5th Cir.1961)). "[R]emoval jurisdiction raises significant federalism concerns, *see Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 106 S.Ct. 3229, 3233, 92 L.Ed.2d 650 (1986); . . . [and courts] must therefore strictly construe removal jurisdiction." *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir.1988) (certain citations omitted).

■ There are two tests for federal question jurisdiction. First, jurisdiction exists when "[a] suit arises under the law that creates the cause of action." *American Well Works v. Layne & Bowler Co.*, 241 U.S. 257, 36 S.Ct. 585, 60 L.Ed. 987 (1916). Second, the federal court may preside over a claim in which "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action [in a well pleaded complaint] . . . [and] the right or immunity must be such that it will be supported if the Constitution or laws of the United States are given one construction or effect, and defeated if they receive another." *Gully v. First National Bank at Meridian*, 299 U.S. 109, 112, 57 S.Ct. 96, 81 L.Ed. 70 (1936).[5]

■ The Court must look to the allegations in the complaint that are necessary to state a claim, and assertions of defenses that raise federal issues are insufficient for jurisdictional purposes when the complaint itself does not plead federally-cognizable matters. *Rivet v. Regions Bank of La.*, —— U.S. ——, at ——, 118 S.Ct. 921, 139 L.Ed.2d 912, 1998 WL 71832, at *4 (U.S., Feb. 24, 1998); *Willy*, 855 F.2d at 1165.

The Court must analyze whether the presence of a federal aspect in Plaintiff's state cause of action creates federal jurisdiction. The Fifth Circuit disposed of this issue in a case directly on point, *Willy v. Coastal Corp.*, 855 F.2d 1160 (5th Cir.1988), where plaintiff Willy asserted a *Sabine Pilot* claim. Plaintiff pleaded that he allegedly was terminated for violating various state and federal laws. The Fifth Circuit reasoned the jurisdictional analysis needed to focus on "the degree to which federal law must be in the forefront of the case and not collateral, peripheral or remote." *Id.* 855 F.2d at 1168 (quoting *Merrell Dow*, 478 U.S. at 813–814 & n. 11, 106 S.Ct. 3229). In assessing the claims alleged in the complaint in *Willy*, the Court of Appeals set forth the "minimum requirement that the federal statutes involved provide a private, federal remedy." *Id.* 855 F.2d at 1169.[6] Plaintiff, in *Willy*, did not claim that the Defendant's conduct violated any statutes giving rise to a private federal remedy. Rather, Willy argued that he was fired for refusing to permit Defendant to continue to violate specified federal and state laws, and for refusing not to report the company's conduct under various federal and state laws. *See id.*[7] Ultimately, the Fifth Circuit held that: "The Texas common law doctrine stated in *Sabine Pilot* is one to protect the rights of any employees, and whether the law that they are fired for refusing to violate is state or federal, environmental or otherwise, is wholly immaterial." *Willy*, 855 F.2d at 1171.[8] Thus, the *Willy* court found that in

---

**5.** To determine "arising under" jurisdiction in connection with § 1331 (rather than Article III, § 2, of the Constitution), federal courts apply the "well pleaded complaint" rule to determine subject matter jurisdiction. *See Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10–11, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). "[W]hether a claim arises under federal law must be determined from the allegations in the well-pleaded complaint." *Willy*, 855 F.2d at 1165.

**6.** This prerequisite was held to be necessary, but not always sufficient, to support "arising under" jurisdiction.

**7.** There was no argument in *Willy* that Congress had provided a private, federal cause of action for violation of those federal requirements. *See id.*

**8.** The Fifth Circuit added that *Sabine Pilot* is reasonably read to require proof that the viola-

"this Texas common law wrongful discharge case, the role of issues of federal law is more collateral than in the forefront," *id.* 855 F.2d at 1171, and "federal element ... is not substantial enough to confer federal question jurisdiction." Id. 855 F.2d at 1169.[9]

Plaintiff Isbell's Sabine Pilot cause of action is virtually identical to Willy's, and thus does not satisfy the "arising under" jurisdiction of federal law.

Defendant S & S's insistence that it is necessary to interpret 18 U.S.C. §§ 1621 and 1623 in this *Sabine Pilot* case as a substantial question of federal law is unavailing. The state court is able to identify the elements of these basic criminal statutes and no complex interpretation of these laws is necessary. Moreover, as noted above, there is no basis under the cited federal criminal laws for any private right of action. The federal statutes are not central to Plaintiff's claim, which is a unique creature of state law. Therefore, the Court holds that there is no subject matter jurisdiction over Plaintiff's claim and Plaintiff's Opposed Motion for Removal should be granted.

### CONCLUSION

It is therefore

**ORDERED** that Plaintiff's Opposed Motion to Remand for Want of Subject Matter Jurisdiction [Doc. # 12] is **GRANTED.** The Court therefore does not reach the other pending motions, which may be determined by the 280th Judicial District Court in Harris County, Texas, upon remand.

tions of law the employee refused to commit "carry criminal penalties." Willy, 855 at 1171 n. 16. Moreover, "[i]t is likewise immaterial to the Texas action whether the employee sought to aid a law enforcement agency or to bring to official cognizance violations committed by others." *Id.* The Court then distinguished the federal "whistleblower" statutes. *Id.*

9. The Fifth Circuit is not alone in this and other issues of collateral federal questions. *See Rains v. Criterion Systems, Inc.,* 80 F.3d 339, 347 (9th Cir.1996) (holding that Rains did not assert a federal cause of action and that the wrongful discharge claim should not be characterized as a federal claim and therefore, that the case should be remanded to state court); *Seinfeld v. Austen,* 39 F.3d 761, 764 (7th Cir.1994) (stating that the federal issue raised by the complaint did not provide for a private remedy under a federal cause of action and remanded the case to state court).