Larry STUTLER and Janice
Stutler, Plaintiffs,

v.

MARATHON PIPE LINE CO., Koester
Environmental Services, and Bolin
Enterprises, Inc., Defendants.

No. IP 97–1928 C B/S.

United States District Court,
S.D. Indiana,
Indianapolis Division.

March 20, 1998.

James O. McDonald, Everett Everett & McDonald, Terre Haute, IN, for Plaintiffs.

Terry G. Farmer, Bamberger Foreman Oswald & Hahn, Evansville, IN, Barbara J. Meier, Barnes & Thornburg, Indianapolis, IN, Michael Sacopulos, Sacopulos Johnson Carter & Sacopulos, Terre Haute, IN, for Defendants.

### ENTRY GRANTING PLAINTIFFS' MOTION TO REMAND

BARKER, Chief Judge.

This matter comes before the Court on Plaintiffs' Motion to Remand the above-entitled action to the Parke Circuit Court in Parke County, Indiana. For the following reasons, Plaintiffs' Motion to Remand is *GRANTED*.

### I. BACKGROUND

Plaintiffs, Larry Stutler and Janice Stutler (hereafter collectively referred to as "Stut-

ler"), filed this lawsuit on November 13, 1997, in the Parke Circuit Court, naming Marathon Pipe Line Co., Koester Environmental Services and Bolin Enterprises, Inc. as Defendants. Plaintiffs' Exhibit A. Plaintiffs' allegations include, among others, that Defendant Marathon Pipe Line Co. ("Marathon") negligently maintained and operated one of its interstate pipe lines, causing it to leak oil and damage Plaintiffs' real property. Complaint ¶ 27. Plaintiffs do not allege any federal claims on the face of their complaint, only state and common law tort claims.

On December 5, 1997, Marathon filed a Notice of Removal in this court, stating that federal question jurisdiction exists pursuant to 28 U.S.C. § 1331 and that removal is appropriate pursuant to 29 U.S.C. §§ 1441(b) and 1446. Marathon contends that Plaintiffs' negligence claim is completely preempted by the Hazardous Liquid Pipeline Safety Act ("HLPSA"), 49 U.S.C. § 60101 *et seq,* thus providing federal question jurisdiction over this action. Plaintiffs move to remand this action to the Parke Circuit Court, maintaining that this Court lacks subject matter jurisdiction. The HLPSA, Plaintiffs' argue, does not completely preempt any of their claims.

## II. *DISCUSSION*

Once a case is removed, "a federal court may entertain the case only if the court has subject matter jurisdiction over the removed case." *Kenro, Inc. v. Fax Daily, Inc.,* 904 F.Supp. 912, 913 (S.D.Ind.1995)(Barker, C.J.). "[T]he burden is on the party seeking to remove, and the case should be remanded if there is doubt as to the right of removal." *Id. citing Doe v. Allied–Signal, Inc.* ., 985 F.2d 908, 911 (7th Cir.1993).

Marathon and Plaintiffs agree that whether this court has subject matter jurisdiction rests on whether there is federal question jurisdiction. "The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists

only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *McCarty v. Reynolds Metals Co.,* 883 F.Supp. 356, 359 (S.D.Ind.1995)(Barker, C.J.) *citing Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987).

The "complete preemption" doctrine is a well-known exception to the well-pleaded complaint rule, however. *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63, 107 S.Ct. 1542, 1546, 95 L.Ed.2d 55 (1987); *Blackburn v. Sundstrand Corp.,* 115 F.3d 493, 495 (7th Cir.1997). "Although a preemption defense cannot be the basis for original federal jurisdiction, 'the Supreme Court has fashioned an exception to this rule where Congress has completely preempted a given area of state law.'" *Jass v. Prudential Health Care Plan, Inc.,* 88 F.3d 1482, 1486 (7th Cir.1996) *quoting Lister v. Stark,* 890 F.2d 941, 943 (7th Cir.1989). This jurisdictional doctrine provides that "to the extent that Congress has displaced a plaintiff's state law claim, that intent informs the well-pleaded complaint rule, and a plaintiff's attempt to utilize the displaced state law is properly 'recharacterized' as a complaint arising under federal law," *Rice v. Panchal,* 65 F.3d 637, 640 n. 2 (7th Cir.1995) *citing Taylor,* 481 U.S. at 64, 107 S.Ct. at 1546–47.

Marathon claims that the HLPSA completely preempts Plaintiffs' claim that Marathon negligently maintained and operated one of its interstate pipelines. Stutler responds that the HLPSA does not preempt remedies that a private litigant may otherwise have under another law or common law, including a negligence claim.

Support for complete preemption comes from Section 60104(c) of the Act, which provides that "[a] state authority may not adopt or continue in force safety standards for interstate pipeline facilities or interstate pipeline transportations."[1] 49 U.S.C. § 60104(c).[2] Plaintiffs, however, maintain

---

1. It is undisputed that the pipeline at issue is an *interstate* pipeline, as defined under the HLPSA.

2. Defendant also cites Appendix A to 49 C.F.R. § 195.0 *et seq.* which states:

The HLPSA leaves to exclusive federal regulation and enforcement the "interstate pipeline facilities," those used for transportation of hazardous liquids in interstate or foreign commerce.

that a narrow reading should be given to this provision because the HLPSA also provides that the citizens civil action provision under the Act "does not restrict a right or relief that a person or a class of persons may have under another law or common law." 49 U.S.C. § 60121(d). Accordingly, Plaintiffs argue, the Act does not completely preempt any of their claims against Marathon.

Upon close examination, Section 60121(d) does not save Plaintiffs' claims from complete preemption. It provides only that the citizens civil action provision does not preempt other remedies.[3] The provision is "virtually identical to subsections in the citizens-suit provisions of several [other] statutes.... [and] means only that the provision of such suit does not revoke other remedies. It ... cannot be read to mean that the Act as a whole does not supplant [other] remedies but only that the particular section authorizing citizen suits does not do so." City of Milwaukee v. Illinois, 451 U.S. 304, 328–329 n. 21, 101 S.Ct. 1784, 1798 n. 21, 68 L.Ed.2d 114 (1981)(construing Federal Water Pollution Control Act, 33 U.S.C. § 1365(e), and citing other environmental statutes containing similar provisions).

Raised by neither litigant, however, is Section 60120(c), which provides that "[t]his chapter does not affect the tort liability of any person."[4] This provision is not limited to any one specific section of the HLPSA, but rather, applies to the entire Act. It clearly sets forth Congress' intention not to preempt tort claims, such as Plaintiffs' claims against Marathon. See Abramson v. Florida Gas Transmission Co., 909 F.Supp. 410 (E.D.La.1995) (negligence claim not preempted); Williams Pipe Line Co. v. Mounds View, Minn., 651 F.Supp. 551, 566–68 (D.Minn.1987) (nuisance and other common law claims not preempted); Brister v. Gulf Cent. Pipeline Co., 684 F.Supp. 1373, 1383 (W.D.La.1988) (negligence claim alleging improper maintenance of interstate pipeline permitted without mention of preemption, even though HLPSA discussed in detail).[5]

The Seventh Circuit has not addressed this issue, but in Panhandle Eastern Pipe Line Co. v. Madison County Drainage Bd., 898 F.Supp. 1302, 1315 (S.D.Ind.1995), Judge David Hamilton held that the HLPSA did not preempt an Indiana statute regulating interstate pipelines. Id. In that case, the court held that since the requirements of the Indiana statute and the HLPSA could coexist, preemption was unwarranted. Id.

The instant case presents an even more compelling set of facts against complete preemption than existed in Panhandle Eastern. Panhandle Eastern involved state regulatory statutes which were not expressly excluded from preemption by the HLPSA.[6] The instant case, however, involves state tort claims and, as previously outlined, the HLPSA specifically provides that the Act "does not affect the tort liability of any person." 49 U.S.C. § 60120(c).[7] The presumption is against complete preemption and Marathon clearly has not defeated that presumption. See Rice v. Santa Fe Elevator Corp., 331 U.S. 218, 230, 67 S.Ct. 1146, 1152, 91 L.Ed.

---

**3.** Section 60121 permits private citizens to bring a civil action for injunctive relief under HLPSA. However, HLPSA does not provide a private right of action for damages. 49 U.S.C. 60101 et seq; Lacy v. Northern Illinois Gas Co., No. 94–C–133, 1995 WL 127782 (N.D.Ill. March 22, 1995); Slavich v. Broadhurst, No. 93–1646, 1993 WL 500800 (E.D.La. Nov.29, 1993).

**4.** Under the HLPSA, "person" includes corporations and companies. 49 U.S.C. § 60101. Thus, Marathon's tort liability is clearly implicated in Section 60120(c).

**5.** Columbia Gas Transmission Corp. v. Tarbuck, 845 F.Supp. 303, 308 n. 13 (W.D.Pa.1994), is the only HLPSA case cited by Marathon in support of complete preemption. In that case, the court held that diversity jurisdiction existed and added in a footnote that "[t]he court may also have federal question jurisdiction under 28 U.S.C. § 1331." This statement does not expressly discuss complete preemption, nor is it definitive regarding whether that court even had federal question jurisdiction. It was clearly dicta, and we are unpersuaded by it.

**6.** Indeed, the case law is split on the HLPSA's preemptive affect on state regulatory oversight of interstate pipelines. Compare Panhandle Eastern, supra with Kinley Corp. v. Iowa Utilities Bd., Utilities Division, Dept. of Commerce, 999 F.2d 354, 357–59 (8th Cir.1993); United Steelworkers of America, Local 12431 v. Skinner, 768 F.Supp. 30, 35 (D.R.I.1991)

**7.** The instant case also involves complete preemption, not simply a preemption defense.

1447 (1947)("We start with the assumption that the historic police powers of the State were not to be superseded by Federal Act unless that was the clear and manifest purpose of Congress").

Marathon states in its supplemental response to Plaintiffs' Motion to Remand that the Environmental Protection Agency ("EPA") assumed responsibility for the management of the remediation at issue upon request from the Indiana Department of Environmental Management ("IDEM"). Marathon contends that the EPA's involvement mandates that this action be heard in federal court; otherwise a state court would be reviewing the actions of a federal administrative agency, in violation of the Supremacy Clause of the United States Constitution.

Marathon's contention is unavailing. The involvement of a federal agency in the transaction or occurrence giving rise to the cause of action does not, by itself, cloak that cause of action with federal question jurisdiction. *Sebring Homes Corp. v. T.R. Arnold & Assocs., Inc.,* 927 F.Supp. 1098, 1103 (N.D.Ind.1995). Marathon fails to establish how the EPA's involvement establishes federal question jurisdiction, much less how remanding this case would violate the Supremacy Clause.

### III. *CONCLUSION*

Marathon fails to establish that this Court has subject matter jurisdiction over this action. We do not have federal question jurisdiction via complete preemption and, since we have no other basis for subject matter jurisdiction over this action, remand to the state court is required. Accordingly, Plaintiffs' Motion to Remand this action to the Parke Circuit Court is *GRANTED.*

Marathon's attempt to remove this action to this Court was not frivolous. Accordingly, Plaintiffs' request that Marathon pay all of Plaintiffs' costs associated with Marathon's attempt to remove this action is *DENIED.*